## SIEROCINSKI v. E. I. DU PONT DE NEMOURS & CO.
### No. 6998.

Circuit Court of Appeals, Third Circuit.
April 24, 1939.

Robert C. Fable, Jr., and Raymond A. White, Jr., both of Philadelphia, Pa., for appellant.

C. Brewster Rhoads, Laurence H. Eldredge, Samuel Fessenden, and Montgomery & McCracken, all of Philadelphia, Pa., and Abel Klaw, of Wilmington, Del., (Peter B. Collins, of Wilmington, Del., of counsel), for appellee.

Before MARIS, BIDDLE, and BUFFINGTON, Circuit Judges.

BIDDLE, Circuit Judge.

The plaintiff's "statement of claim" (complaint), amended under an order of court granting defendant's motion for a more definite statement under Rule 12(e), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, alleged that he was injured by the premature explosion of a dynamite cap. Specifically the plaintiff claimed as negligent acts the manufacturing and distributing of the cap "in such a fashion that it was unable to withstand the crimping which defendant knew it would be subjected to"; and distributing a cap so constructed that it would explode upon being crimped, without warning, the defendant knowing it would be crimped. Judge Kalodner granted the defendant's motion to strike this amended statement, as failing to set forth any specific act of negligence, and dismissed the action. From his order the plaintiff appealed to this court.

The plaintiff, as alleged, was injured while "crimping" a dynamite cap manufactured by the defendant and supplied to him by his employer. "Crimping" is a necessary and anticipated process in using the cap.

■ Appellee, admitting that a manufacturer is liable for injuries to a person from the use of a defectively manufactured article, argues that it is not put on notice by the complaint as to whether it must meet a claim of warranty, of misrepresentation, of the use of improper ingredients, or of faulty inspection.

■ ■ But there is a specific averment of negligent manufacture and distribution of the cap in such a fashion as to make it explode when crimped. A plaintiff need not plead evidence. He "sets forth a claim for relief" when he makes "a short and plain statement of the claim showing that

the pleader is entitled to relief (Rule 8(a) (2)." The same rule, (e) (1), requires that "each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required"; and (f) "all pleadings shall be so construed as to do substantial justice". Form 9 in the Appendix of Forms attached to the Rules, "intended to indicate * * * the simplicity and brevity of statement which the rules contemplate [Rule 84]", contains this concise allegation of negligence: "defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway". If defendant needs further information to prepare its defense it can obtain it by interrogatories (Rule 33).

The judgment is reversed, and the cause remanded for further proceedings.