

Joe V. Gibson, U. S. Atty., of Kingwood, W. Va., for Government.

Charles C. Scott, of Clarksburg, W. Va., for defendants.

McLaughlin & Stickles, of New York City, for plaintiff.

Stanley Osserman, of New York City, for Eleanor U. Andrews, executrix of A. M. Andrews.

MANDELBAUM, District Judge.

The executrix of the defendant, Archie M. Andrews, deceased, moves for an order pursuant to Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, directing the plaintiff to appear and have his deposition taken upon oral examination and to produce and bring with him at the time of said examination all papers, records and documents concerning the facts and transactions alleged in the complaint in his possession or under his control.

The defendant has not interposed her answer and it is therefore necessary under Rule 26 to obtain leave of the court for such an examination. The affidavit in support of this motion states that the action is for rescission of a certain purported contract dated April 3, 1931 by and between the plaintiff and the defendant, deceased, and the assignment and retransfer to plaintiff of a certain corporate name and good-will; the complaint also asks injunctive relief and money damages in the sum of $3,300,000. It further appears that this action was originally instituted in the State Supreme Court and was duly removed to this court. The executrix further alleges that after a search and investigation, she lacks information sufficient to properly answer the complaint and that therefore she cannot prepare an answer until she first examines the plaintiff and has access to the information in his possession, as well as the documents and written matter also in his possession.

The plaintiff resists this motion on two grounds. First, that the state court has not lost jurisdiction of this case and that the federal court has not acquired jurisdiction thereof. Second, the court should, in its discretion, deny the defendant's application for an examination before trial and for the production of books, papers and other documents.

With respect to the first objection to the granting of this relief, the court feels, after careful consideration, that the objection is untenable and that if proper grounds be shown that this court lacks jurisdiction, the correct method of procedure should be by a motion to remand this action to the state court. With respect to the second objection, a different question presents itself. It is true that Rule 26 has been liberally construed in affording litigants the widest latitude in examinations before trial. The court, however, feels that many abuses may present themselves if the litigants may, without limitation, compel examinations of each other and their witnesses. It is apparently well settled since the promulgation of the new Federal Rules of Civil Procedure that after the service of the complaint and answer, the scope of the examination before trial is not restricted to matters which are material to the precise issues or to adduce testimony which is admissible in evidence, but extends to all matters not privileged, relevant to the subject matter involved in the action.

Query, should this apply with equal force to a situation where leave of the court is sought for an examination before trial prior to answer? Nothing has been presented in the executrix' affidavit showing the necessity for such a broad examination, except a vague general allegation that she is unable, after a diligent search and investigation of the deceased's records, to frame an answer. The court is of the opinion that the new federal practice does not contemplate the granting of a sweeping examination under such circumstances. After joinder of issue, such examination might be applied for.

If the defendant is unable to frame an answer because of the indefiniteness or ambiguity of the complaint, Rule 12(e) of the Federal Rules of Civil Procedure may prove helpful. This rule enables a party to move for a more definite statement or for a bill of particulars where such party is unable to properly prepare a responsive pleading.

The action is accordingly denied as a matter of discretion.