### LOUGHMAN v. PITZ et al.
No. 568.

District Court, E. D. New York.

Nov. 9, 1939.

Edwin V. Hellawell, of New York City, for plaintiff.

George H. Zator, of Ridgewood, N. Y., for defendants Charles H. Schroeder, Emil G. Raeder, Peter J. Michels, Charles A. Raedle, Jr., Andrew N. Petersen, William A. Fluhr, William Wolf, Christian W. Janson, and Russell H. Kruppenbacher.

BYERS, District Judge.

This is a motion unsupported by affidavit, by some of the above-named defendants, for the following relief:

(1) For an order dismissing the plaintiff's complaint on the ground that, as to the moving defendants, it fails to allege facts sufficient to constitute cause of action, or

(2) In the alternative, for an order striking out the three causes of action on the ground that, as to those defendants, the said three causes of action do not state facts sufficient to constitute a cause of action, or

(3) In the alternative, for an order striking out paragraphs 43 and 49, which are said to be ambiguous, repetitious and redundant, or

(4) In the alternative, for an order to make the plaintiff's complaint more definite and certain, and for such other and further relief, etc.

The action is brought by the receiver of the National Bank of Ridgewood against nineteen individuals, of whom eighteen are said to have been directors of the bank, and the nineteenth is the executrix under the will of Samuel Redfern, deceased, who is also said to have been a director.

There are three causes of action pleaded, the first of which is comprehended in

the first forty-two paragraphs of the complaint; the second, in paragraphs 43 to 48, inclusive, and the third, in paragraphs 49 to 61, inclusive.

The theory of the action is that all of the defendants violated their duty to diligently and honestly administer the affairs of the bank, with the result that the institution suffered the loss of $483,000.00 during the period between April 19, 1926, and August 29, 1931.

This motion is made on behalf of nine of the defendants named, and seemingly has not been drawn with reference to Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and the simple thing to do would be to deny it for that reason.

However, it is equally possible to attempt to assist the parties by taking the motion under advisement as though it had been properly framed, and to make a disposition of it which accords with the ostensible importance of the litigation, and the serious nature of the issues which will have to be disposed of sooner or later.

Since there is no supporting affidavit, it is impossible to state when the action was begun by the filing of the complaint, or when service was effected on the various defendants who make this motion.

The complaint has been examined on the theory that the motion is made under Rule 12, paragraph (b), subdivision (6), namely, that there is a "failure to state a claim upon which relief can be granted".

As to that, it is convenient to comment upon the pleading according to the grouping adopted in the brief submitted for the said defendants. They say that paragraphs 1 to 7, inclusive, contain evidentiary facts which may or may not be relevant.

These allegations disclose the status of the plaintiff as receiver, the organization of the National Bank of Ridgewood, its opening, maintenance of business, and its membership in the Federal Reserve System; the authorized issued and outstanding capital stock of the bank; its alleged surplus on March 6, 1926; the arrangement with the Richmond National Bank in August of 1931, whereby the latter took over and assumed the deposits and other liabilities of the Ridgewood Bank; the execution of a note by the latter in the sum of $1,172,-757.36, and the deposit of Ridgewood Bank

assets with the Richmond National Bank, as collateral to secure the payment of the said note.

It cannot be said that the foregoing are obviously irrelevant.

Paragraph 8 deals with the taking over by the Richmond National Bank of the collateral referred to in paragraph 7, and the ensuing events which resulted in an indebtedness of the Ridgewood Bank to the Richmond Bank as evidenced by a judgment of October 15, 1936, in the sum of $289,269.51.

The same remark applies to this as to the earlier paragraphs.

Paragraphs 9 to 19, inclusive, are criticised as containing "nothing else but pure evidence".

What is probably meant is that those paragraphs contain statements of fact which will have to be either proven or admitted, for the purpose of establishing the foundation upon which the alleged cause of action is based.

They have to do with notification to the shareholders' representative of the Ridgewood Bank of the progress of liquidation, the appointment of a receiver for the Ridgewood Bank, and the tenure of office of all of the defendant directors; namely, from March 6, 1926, to January 7, 1930, as to Raeder and Kruppenbacher, and until March 12, 1930, as to all of the others joining in this motion.

Office-holding on the part of two of the said directors is alleged between the said last-mentioned dates.

It is also alleged that all of the defendants served on various committees of the Board of Directors of the bank and that, as of July 12, 1937, the liabilities of the bank exceeded its assets, and that on the same date its capital stock consisted of 2,000 shares of $100.00 each, which was then distributed and held by 99 owners.

That on July 29, 1937, a 100% assessment was levied against the stockholders.

No reason is shown for the moving defendants, for holding the foregoing allegations objectionable.

Paragraph 20 is said to state a legal conclusion; namely, that the stockholders of the bank have been damaged "in the loss of their investment and in their liability under the assessment levied as aforesaid".

This may embody a legal conclusion, but it may also be regarded as an allegation of fact.

■ Paragraphs 21, 22 and 23 are objected to as again pleading evidence.

The first recites that the plaintiff brings his action as receiver; the second, that there were examinations by National Bank Examiners on dates specified, in the years 1927 to 1931, inclusive; and the third, that the defendants so negligently and unlawfully conducted and managed the affairs of the bank that the latter was caused to sustain losses of assets held by it, and particulars of the latter figures are set forth in tabulated form, arranged according to years.

The 23rd paragraph may not be circumstantial as to acts of misconduct, but certainly the tabulation of losses is quite specific, and none of these three paragraphs should be stricken for the purposes of this motion.

■ Paragraphs 24 to 29, inclusive, are objected to as containing legal conclusions but no specific allegation of wrong-doing. The criticism is unsound.

Paragraph 24 alleges that the losses above referred to were sustained in spite of warnings, instructions and directions by the National Bank Examiners.

Paragraph 25 specifies the alleged misconduct; namely, the renewal of loans in excess of 10% of the capital stock of the bank and its unimpaired surplus, which said loans "were not the discount of bills of exchange drawn in good faith against actually existing values or * * * of commercial or business paper actually owned by the negotiator, or * * * of notes secured by shipping documents, warehouse receipts", etc.

■ Paragraph 26 alleges that from the 19th of April, 1926, until about the 29th of August, 1931, the affairs of the bank were so negligently and unlawfully managed by the defendants as directors that the capital was impaired through the making of improper loans and investments and excessive borrowings, and this is thought to charge specific misconduct. However, since the period embraced includes an interval of some seventeen months after seven of the defendants, and nineteen months after two others, ceased to be directors, it is thought that this paragraph should be supplemented

or clarified as contemplated by Rule 12, paragraph (e), to make it more definite, so as to indicate whether the misconduct recited occurred during the time that any of these nine defendants were directors, because presumably they cannot plead thereto in the absence of such a clear and definite pleading.

■ Paragraph 27 is substantially the same as paragraph 26 for present purposes, and opens with the statement that "on or about and after April 19, 1926, the defendants" indulged in misconduct of the same nature.

The allegation is specific as to the nature of the alleged misconduct, but it is not sufficiently definite to call upon these defendants to answer, in the absence of a specification of the period of time during which the alleged misconduct was committed.

The same remark applies to paragraphs 28 and 29, which need not be further discussed, because they are of the same general nature with reference to specific misconduct, but they are lacking in clarity as to the dates involved.

■ Paragraphs 30 to 33 are said not to require answer, but the court thinks otherwise.

Paragraph 30 alleges the organization of a corporation by "certain of the defendants" on or about the 22nd of November, 1927.

These defendants have a right to know whether they are intended to be included among those charged with this particular activity, because paragraph 31 has to do with a lease of the property owned by the said corporation to the bank, which in paragraph 32 is said to have been wasteful and improvident.

Paragraph 33 deals with the same subject-matter.

As to all of these, therefore, the plaintiff should specify, in the bill of particulars hereinafter referred to, whether the defendants on whose behalf this motion is made are charged with participation in the conduct asserted.

■ Paragraph 34 alleges neglect by the defendants to make seasonable and proper claims under fidelity insurance policies presumably issued in connection with officers and employees of the bank. This is objected to because there is a failure to allege

any defalcation which imposed a duty upon the defendants, which they failed to perform.

Again it is thought the period of time should be specified within which such neglect occurred, and whether these particular defendants are alleged to be culpable in connection therewith; and also whether the duty to make a claim or claims ever arose. In other words, a more definite statement (Rule 12 (e)) is required in this connection.

Paragraph 35 deals with examinations by National Bank Examiners during and after the year 1926 as alleged in paragraph 22, and the delivery of copies of reports thereof to the bank; it is said that these reports criticised excessive and injudicious loans and loans to members of the Board of Directors, and illegal real estate loans, etc., and that the defendants knew of the contents of these reports, "or in the absence of actual knowledge, each of them wilfully, deliberately or negligently refrained from acquiring or obtaining knowledge thereof".

This is objected to as "purely hearsay evidence". Probably the objection is inadvertent, and will be disregarded.

However, the plaintiff should state in the bill of particulars whether the misconduct stated in paragraphs 35 and 36 was indulged in by the defendants making this motion, during the time when they were directors.

The disjunctive form of the allegations in paragraphs 35 and 36 is not objectionable as a matter of pleading, for the reason that the complaint is so framed as to embrace both common law and statutory liability (Title 12 U.S.C. § 93, 12 U.S.C.A. § 93)—as for instance paragraph 25. It is proper to so cast a complaint. See Bowerman v. Hamner, 250 U.S. 504, 39 S.Ct. 549, 551, 63 L.Ed. 1113.

Actual knowledge, if established, may show breach of statutory duty, while a refusal on the part of the directors to acquaint themselves with available information, such as the contents of the reports, may present evidence of common law dereliction. The language in the foregoing opinion on this subject in part is as follows: "He deliberately avoided acquiring knowledge of its [the bank's] affairs and wholly abdicated the duty of supervision and control which rested upon him as a director."

Paragraphs 36 to 42 are objected to because they are said to repeat merely legal conclusions. This is not the case.

Paragraph 37 charges that there was a wilful and negligent refusal and neglect to charge off losses, and a continuance of carrying on the books and statements of the bank, as assets, what were actual losses.

This is specific misconduct, but again the plaintiff should specify in the bill of particulars whether these defendants are embraced in this allegation by reason of the occurrence of the alleged misconduct during their term of office as directors.

Paragraph 38 is of the same general purport, and the same comment applies thereto.

Paragraphs 39 and 40 are in effect recapitulations of matters already commented upon and, as to them, the same requirement will be exacted in the bill of particulars.

Paragraphs 41 and 42 allege that the matters previously described resulted in damage to the bank and losses suffered to the extent of $483,000.00.

No direction will be made in response to the pending motion, in respect of these paragraphs.

The foregoing comprise the first cause of action and, except as indicated herein, these defendants are not entitled to relief upon this motion with respect thereto.

The case of Gerdes v. Reynolds et al., 281 N.Y. 180, 22 N.E.2d 331, relied upon by these defendants, has been examined and is thought not to control the disposition of this motion.

The second cause comprises paragraphs 43 to 48, inclusive, and deals with an alleged agreement and guaranty on the part of the defendants who were directors on the 14th of December, 1928, to be "personally responsible for any losses which were set up and described at the close of the examination of the said bank which was then proceeding and * * * for any losses which then existed in the bank and which were not yet disclosed but which might be later found to exist, less any amount recovered by the bank in connection with" two certain fidelity bonds.

By way of introduction to the second cause, the plaintiff repeats the allegations contained in paragraphs 1 to 42.

The losses which then existed are stated to have amounted to $232,089.98, and in paragraph 47 it is alleged that on the 22nd of May, 1929, the defendants reaffirmed and repeated, in writing, to the Comptroller of the Currency their responsibility for said losses.

What has been said with reference to the first 42 paragraphs of the complaint indicates that the allegations form a basis for the alleged agreement and, as to the entire second cause, the motion is denied so far as it is addressed to the sufficiency of the complaint to state a claim upon which relief can be granted.

However, the bill of particulars is to incorporate a copy of the written undertaking alleged in paragraph 47, in order that these defendants may plead intelligently to the second cause. They were all directors at the time that this agreement was entered into and ought to know whether or not they were parties to it, but it will probably save time in the long run if this direction is embodied in the order to be entered hereon.

Otherwise the motion, as addressed to the second cause, is denied.

The third cause of action embraces paragraphs 49 to 61, inclusive, and without recapitulating paragraphs 50 to 60, it will suffice to say that paragraph 56 alleges a conspiracy on the part of those directors who were in office from April 15, 1931, to August 29, 1931, with John F. Pitz, Senior, and John F. Pitz, Junior, as the result of the successful operation of which, the bank was damaged in the sum of $156,280.18.

Since paragraph 12 shows that none of the defendants making this motion held office after March 12, 1930, it is apparent that they should not be required to plead to this cause. As to them, the third cause will be deemed to show on its face that it does not state a claim upon which relief can be granted, and the order to be entered hereon will so recite, and consequently they need not make answer thereto.

All requirements for more definite statement are to be incorporated in the bill of particulars, which is to contain appropriate reference to the various paragraphs in the complaint which are affected thereby.

Settle order in accordance with the foregoing.