ZOLLER v. SMITH, LEVIN & HARRIS, Inc.
No. 335.

District Court, M. D. Pennsylvania.
Feb. 29, 1940.

Sidney M. Markley, of Sunbury, Pa., for plaintiff.

John E. Cupp, of Williamsport, Pa., for defendants.

JOHNSON, District Judge.

This is a motion by defendant under Rule 12 (e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a more definite statement of claim in the above-entitled case.

Plaintiff's complaint in substance alleges that on a given date one of defendant's duly authorized officers requested Mary Zoller to drive a certain automobile in an interstate trip from New York to Pennsylvania; that the automobile, to the knowledge of defendant's agents, was in a dangerous and defective condition, which was not revealed to Mary Zoller, and which she was not likely to discover; that Mary Zoller drove the car on the trip; that on account of the unrevealed defective condition an accident resulted on the trip, in which Mary Zoller suffered injuries causing her death; that the accident was due to the negligence of defendant, and as a result, therefore, the present plaintiff, Mary Zoller's mother, brings this action for damages.

Defendant asks for a more definite statement, desiring to have set forth the name of the officer who requested Mary Zoller to drive the automobile, and his authority and to have it state the defects in the automobile, defendant's knowledge of the defective condition, the method and manner of obtaining such knowledge, and the reasons known to defendant company why Mary Zoller would not discover the defective condition.

The motion of defendant for a more definite statement must be denied. Rule 8, subsections (a) and (e), require the complaint to be simple, concise and direct. The framers of the Rules did not intend that compliance with Rule 8 would subject the plaintiff to a motion under Rule 12 (e). In view of the broad provisions for discovery under Federal Rules 26 et seq., a motion under Rule 12 (e) should be granted only where the complaint is stated in such general terms that the defendant can not understand the general nature of the charges made so

as generally to prepare for trial. Brinley v. Lewis, D.C., 27 F.Supp. 313. Use of the provisions for discovery should be encouraged, and the use of a motion for more definite statement limited to clear cases where the motion is necessary to prevent hardship and injustice to the defendant. Brinley v. Lewis, supra, and cases there cited.

The complaint in the present case is as detailed as that suggested in official form 9, appended to the Rules of Civil Procedure, and the information which defendant desires can readily be obtained under the provisions for discovery which can be used even before defendant files his answer. We think the complaint is sufficiently definite to comply with the spirit of the new Rules.

Therefore, it is ordered that defendant's motion for a more definite statement be, and the same is hereby, denied, and defendant is granted 20 days from this date within which to file answer or take other action in this case.