## SEMAN v. LEIBOVITZ.

### No. 612.

District Court, E. D. Pennsylvania.

May 20, 1940.

Leonard L. Kalish, of Philadelphia, Pa., for plaintiff.

David S. Malis, of Philadelphia, Pa., for defendant.

BARD, District Judge.

Plaintiff filed a complaint alleging defendant infringed his patent. Jurisdiction has been obtained over defendant. Defendant, before filing his answer, filed his motion to obtain an order to take the depositions of plaintiff by leave of Court in accordance with Rule 26 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This motion is now before the Court.

Under Rule 26 (a) of the Federal Rules of Civil Procedure the testimony of any person by deposition may be taken as a matter of right after the answer is served. Before the answer is served it can be done only by leave of court.

At the Cleveland Institute on Federal Rules, Professor Sunderland commented on this section as follows: "Obviously, if the discovery is to deal with matters relevant to the case, it is somewhat difficult to know exactly what is relevant until some progress has been made toward developing the issues. So that normally the discovery would take place after the answer has been filed and the issues have been to that extent defined. But in exceptional cases it may be allowed after jurisdiction has been acquired over the person or the thing." Page 283, Proceedings of Institute on Federal Rules, Cleveland, Ohio.

At the Washington Institute Professor Dawson said: "In taking the deposition before the service of answer, an order of court must be obtained. After the answer the deposition may be taken without such an order. This permits the matter to be in the control of the court prior to the time of the delineation of the issues. This is the unusual case since ordinarily the issues will be made up before the need for discovery arises." Page 95, Proceedings of Institute on Federal Rules, Washington, D. C.

It will thus be seen that it is only in the "exceptional" or "unusual" case that the need for discovery arises or that it should be allowed before service of the answer. There is nothing alleged in the motion of the defendant in the instant case that in any way stamps it an "exceptional" or "unusual" case. In paragraph 5 defendant denies that he has "adversely affected or injured any claimed rights of the plaintiff." In paragraph 6 defendant alleges that he "desires to file a full, adequate and responsive answer to the allegations of the complaint, and for that purpose, desires to take the depositions of the plaintiff upon oral examination of said plaintiff."

In Pirnie v. Andrews, decided September 7, 1939, D.C.S.D.N.Y., 1 F.R.D. 252, a similar motion was made by the defendant alleging that "she cannot prepare an answer until she first examines the plaintiff and has access to the information in his possession." Judge Mandelbaum denied the motion saying: "It is true that Rule 26 has been liberally construed in affording litigants the widest latitude in examinations before trial. The court, however, feels that many abuses may present themselves if the litigants may, without limitation, compel examinations of each other and their witnesses." I agree with this view.

In the instant case defendant does not even allege that he is unable to make an answer without taking depositions beforehand, nor does he make a showing that facts are required or necessary in the framing of an answer.

Defendant will in no way be prejudiced since he can, as a matter of course, take the depositions of the plaintiff after he has filed his answer and the issues are framed. Defendant may have ten days to file his answer.

The motion is accordingly denied as a matter of discretion.