**FLEMING v. WOOD–FRUITTICHER GROCERY CO., Inc.**

**No. 5138 Civ. A.**

District Court, N. D. Alabama, S. D.

April 8, 1941.

Jerome A. Cooper, Acting Regional Atty. for Wage and Hour Division, of Birmingham, Ala., for plaintiff.

William S. Pritchard and Winston McCall, both of Birmingham, Ala., for defendant.

MURPHREE, District Judge.

Plaintiff's complaint prays for judgment enjoining defendant from violating the provisions of Sections 15(a) (2) and 15 (a) (5) of the Fair Labor Standards Act, sometimes hereinafter called the "Act" [29 U.S.C.A. § 215 (a) (2) and § 215 (a) (5)]. Briefly, the allegations of facts upon which this prayer is founded are that defendant has been engaged "in the purchase, sale, handling, transportation and distribution at wholesale of groceries and produce in commerce among the several states * * *. At all times * * *· mentioned there has been and is a constant current of trade and commerce in such commodities purchased, sold, handled, transported and distributed by defendant between and among the various states and territories of the United States", that defendant has employed approximately thirty-four employees in such commerce among the several states, that "a substantial part of all business conducted by the defendant at its place of business and warehouse and a substantial part of all operations performed by said employees are concerned with merchandise and commodities purchased, sold, handled, transported and distributed in interstate commerce and are an essential part of the stream and current of commerce among the several states", that the defendant has since the effective date of Sections 6(a) (1), 6(a) (2), 7(a) (1), and 7(a) (2) of the Fair Labor Standards Act [29 U.S.C.A. §§ 206(a) (1), 206(a) (2), 207(a) (1), and 207 (a) (2)] violated those sections and Section 15(a) (2) [29 U.S.C.A. § 215(a) (2)] by failing to pay the minimum wage rates prescribed therein, that the Administrator of the Wage and Hour Division, United States Department of Labor, has duly issued regulations prescribing the records to be kept under the Fair Labor Standards Act, and that defendant has not kept such records, thereby violating Sections 11(c) and 15(a) (5) [29 U.S.C.A. §§ 211(c) and 215(a) (5)] of that act.

Defendant has filed a motion to dismiss the complaint, specifying several grounds of objection, which may be summarized as: (1) Lack of jurisdiction, (2) failure to state a claim upon which relief can be granted, (3) unconstitutionality of the Fair Labor Standards Act and its administrative application to the defendant.

### 1. Jurisdiction.

■ Jurisdiction of this action is conferred by Section 17 of the Act [29 U.S.C. A. § 217], the essential part of which is as follows: "The district courts of the United States * * * shall have jurisdiction, for cause shown, * * * to restrain violations of section 15 [215]".

If this section were insufficient, jurisdiction would seem to be conferred by Title 28, Section 41(8), U.S.C, 28 U.S.C.A. § 41(8), which provides that: "The district courts shall have original jurisdiction as follows: * * * Eighth. Of all suits and proceedings arising under any law regulating commerce." Campbell v. Superior Decalcominia Co., D.C.Tex. 1940, 31 F. Supp. 663; Lengel v. Newark Newsdealers Supply Co., D.C.N.J. 1940, 32 F.Supp. 567.

With the opinion in Robertson v. Argus Hosiery Mills, D.C.Tenn.1940, 32 F.Supp. 19, which holds to the contrary, we respectfully disagree.

We believe that the two statutory sections last quoted give this court jurisdiction over the subject matter of this action and jurisdiction for the exercise of its injunctive powers.

### 2. Statement of Plaintiff's Claim.

Defendant contends the complaint is insufficient to state a cause of action for two types of reasons. One is the objection that the Act and its application to defendant are unconstitutional, so that no action can be validly based thereon; and the other is that assuming the constitutionality of the Act and its application to the defendant, the allegations of the complaint are not sufficiently complete and informative of the facts with which defendant is charged to constitute a cause of action. The first objection will be considered separately below.

■ The standards of pleading required by the Federal Rules of Civil Procedure have been made amply clear in Rule 8, 28 U.S.C.A. following section 723c, which provides that "(a) a pleading * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *" and "(e) (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." These provisions but illustrate the purpose, implicit throughout the new Rules, to require brief, conclusive pleadings.

The cases have consistently applied this purpose of the Rules in denying motions to dismiss complaints which state the simple essence of a cause of action. Sierocinski v. DuPont De Nemours & Co., 3 Cir., 1939,

103 F.2d 843; Macleod v. Cohen-Erichs Corp., D.C.N.Y.1939, 28 F.Supp. 103; Simonin's Sons, Inc. v. American Can Co., D.C.Pa.1939, 30 F.Supp. 901; Neumann v. Faultless Clothing Co., D.C.N.Y.1939, 27 F. Supp. 810; Loughman v. Pitz, D.C.N.Y. 1939, 29 F.Supp. 882; 17 Hughes Federal Practice § 19621, p. 329 et seq.

■ Measured against the standard of simplicity required by the new Rules, the complaint in the present case clearly states ample facts to constitute a cause of action under the Fair Labor Standards Act; enough facts to inform the defendant of the nature of the complaint made against it. Detailed facts would be especially inappropriate in a complaint based on the continuous activity of a business firm over a long period of time. See Swift & Company v. United States, 1905, 196 U.S. 375, 25 S. Ct. 276, 49 L.Ed. 518.

3. Constitutionality of the Fair Labor Standards Act, and Its Application to the Defendant.

■ That the Fair Labor Standards Act as a whole is constitutional is now established by the case of United States v. Darby, February 3, 1941, 61 S.Ct. 451, 85 L.Ed. —.

■ The novel constitutional issue raised by the defendant's motion to dismiss is that "The Fair Labor Standards Act of 1938, as amended, U.S.C. Title 29, Section 201 et seq., 29 U.S.C.A. § 201 et seq., is violative of the Tenth Amendment of the Constitution, if construed administratively, as here attempted, to apply to the wholesale business of the defendant under the facts set forth in the complaint." We construe this to mean that the defendant contends that it is not so engaged in interstate commerce as to permit the application to it of this legislation under the commerce power granted to the Federal Government. Whether the defendant is so engaged in interstate commerce will probably be an important issue in this case. If it is so engaged, as it is sufficiently alleged to be, the Fair Labor Standards Act will fairly and constitutionally be applicable to it; if not, the Act will simply be not applicable—in neither case will an issue of constitutionality arise. At any rate, whether this issue be one of the applicability of the Act or of its constitutionality, it seems correct to allow final determination await the trial of this case, to allow full proof, concerning the nature of the defendant's business, by both parties. Chastleton Corp. v. Sinclair, 1924, 264 U.S. 543, 44 S.Ct. 405, 68 L.Ed. 841; City of Hammond v. Schappi Bus Line, 1927, 275 U.S. 164, 48 S.Ct. 66, 72 L.Ed. 218; Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, 55 S.Ct. 187, 1934, 79 L.Ed. 281; Polk Co. v. Glover, 1938, 305 U.S. 5, 59 S.Ct. 15, 83 L.Ed. 6; Jacobs Administrator v. Peavy-Wilson Lumber Co., D.C.La. 1940, 33 F.Supp. 206.

We see no value to a discussion of the several other grounds for the defendant's motion to dismiss; it is sufficient to state that we agree with none of them.

An order denying the motion to dismiss has been entered.