## CLARK DOOR CO., Inc., v. YEAGER.
### No. 570.

District Court, M. D. Pennsylvania.

June 24, 1941.

Paul S. Lehman, of Lewistown, Pa., for plaintiff.

Harry L. Siegel, of Lewistown, Pa., for defendant.

JOHNSON, District Judge.

This is a civil action brought to recover money paid by mistake, and damages for defendant's unlawful use of plaintiff's dies. Defendant has moved for a more definite complaint.

■ Concerning the claim for money paid by mistake, defendant objects because there is no detailed statement of dates, amounts and character of goods for which the money was paid. This claim is substantially in the form recommended in the official forms for District Courts of the United States. See Form 7, appendix to F.R.C.P., 28 U.S.C.A. following section 723c. Furthermore, at the argument upon this motion it was shown by the plaintiff that the information is solely within the control and records of defendant.

■ Concerning the claim for unlawful use of dies, defendant objects because the complaint does not specify the method used in calculating the damages and because it does not specify the dates and amounts of defendant's use of the dies. Again plaintiff points out that this information is within defendant's records and control.

All information sought by defendant can be secured under the broad provisions of the Federal Rules for discovery and depositions. F.R.C.P. 26–37, 28 U.S.C.A. following section 723c. These rules when properly used place the pleader's information almost entirely within the control of the opposing party, and make surprise at trial almost impossible. Bills of particulars are no longer necessary to limit and define the issues. Pearson v. Hershey Creamery Co., D.C., 30 F.Supp. 82, 83.

■ The complaint in this case is sufficiently definite for framing an answer and for preparation for trial. Therefore, the motion for a more definite statement must be denied. Pearson v. Hershey Creamery Co., D.C., 30 F.Supp. 82; Brinley v. Lewis, D.C., 27 F.Supp. 313.

For the above reasons, defendant's motion for a more definite statement is hereby denied, and defendant is ordered to answer the complaint within 20 days from receipt of a copy of this order.