**MARTZ et al. v. ABBOTT et al.**

**No. 541 Civil.**

District Court, M. D. Pennsylvania.

July 18, 1941.

Warren S. Sharpless, of Berwick, Pa., for plaintiffs.

Richard Henry Klein, of Sunbury, Pa., for defendants.

JOHNSON, District Judge.

This is a motion by defendants under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a more definite statement of claim in the above case.

Plaintiffs' complaint in substance alleges that on a certain date Robert Martz, minor plaintiff, was sitting on a tricycle a little to the west of the west edge of a public alley between Market Street and Light Street

18

Road, in the town of Espy, Columbia County, Pennsylvania, and that while sitting there he was struck by an automobile owned by defendant Charles Abbott, and driven by Abbott's agent, servant and employee, defendant Edward Hidlay. The complaint further alleges that the collision resulted from the negligent, careless and reckless operation of the automobile in a southerly direction in the alley. As a result, the minor plaintiff and his father have brought this suit to recover for personal injuries, loss of services and medical expenses.

Defendants assign three reasons to support their motion for a more definite complaint: "(1) The complaint does not state how the alleged accident happened; (2) The complaint does not state with sufficient definiteness what the minor plaintiff was doing at the place of the alleged accident; (3) The complaint does not state with sufficient definiteness how the defendants were negligent". In the motion, defendants contend that the complaint is not sufficiently definite to enable them to prepare a responsive answer or to prepare for trial. At the argument, defendants' main contention was that they could not adequately prepare for trial.

■■ The motion of defendants for a more definite complaint must be denied. Rule 8, subsections (a) and (e) of the Federal Rules of Civil Procedure require the complaint to be short and the allegations simple, direct and concise. The framers of these rules did not intend that compliance with Rule 8 would subject the pleader to a motion under Rule 12(e). In view of the broad provisions for depositions and discovery under Federal Rules 26 to 37, a motion under Rule 12(e) should be granted only where the complaint is stated in such general terms that the defendant can not understand the general nature of the charges, and can not frame an answer or prepare for trial generally. Use of the provisions for depositions and discovery should be encouraged, and the use of a motion for a more definite complaint limited to cases where the motion is essential to prevent hardship and injustice to the defendant. Some of the provisions for depositions and discovery may be used without application to the court, and even before filing an answer. Also, more detailed information can be secured under these provisions than can be granted by the court upon a motion for a more definite complaint: Brinley v. Lewis, D.C., 27 F.Supp. 313; Zoller v. Smith, Levin & Harris, Inc., D.C., 1 F.R.D. 182; Clark Door Co. v. J. O. Yeager, M.D.Pa., 1 F.R.D. 770.

■■ The complaint in this case states sufficiently the location of the alleged accident and the vehicles involved. It also states sufficiently what the minor plaintiff was doing at the place of the alleged accident. While the complaint does not specify in what the negligence consists, a general allegation that the accident was caused by defendants' negligent operation of an automobile is sufficient under the Federal Rules and the Official Forms: See, Form 9, annexed to the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Zoller v. Smith, Levin & Harris, Inc., D.C., 1 F.R.D. 182; Hardin v. Interstate Motor Freight System, Inc., D.C., 26 F.Supp. 97; Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 103 F.2d 843, 844. The information defendants desire can all be secured under the provisions for depositions and discovery.

It is ordered that defendants' motion for a more definite complaint be denied, and defendants are ordered to answer the complaint within twenty (20) days from receipt of a copy of this order.