

Toulmin & Toulmin, of Washington, D. C., and John S. Powers, of Buffalo, N. Y., for plaintiff.

Fraser, Myers & Manley, of New York City, and Bean, Brooks, Buckley & Bean, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

The instant suit is brought by the plaintiff for infringement of Re-issue Patent No. 19,694 granted to the plaintiff and said to cover a "Hydraulic Motor Control Means."

A motion is now made by the defendants purportedly to enable them to prepare responsive pleadings, all as permitted by Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The defendants ask particulars as follows:

1. What hydraulic motor control means manufactured, used or sold by each of the defendants will be relied upon to support the infringement charged; the manner, times and places of infringements relied upon; and what claim or claims of Re-issue Patent No. 19,694 will be relied upon to support the charge of infringement; and what other act or acts will be relied on to support such charge.

2. Precisely what the plaintiff deems to be new and patentable in each of the claims charged to be infringed, and also precisely what steps plaintiff deems to be the step or steps in the combination of elements recited in each claim.

3. When the plaintiff first knew that the defendants or either of them were infringing the original Patent No. 1,927,583 and the Re-issue Patent No. 19,694, and when the plaintiff first charged defendants with infringement.

4. When, where and to whom the plaintiff first sold a motor control means made

in accordance with the Letters Patent in suit, and how many such motor control means the plaintiff has sold.

■ Request No. 1. (1) The plaintiff must specify a hydraulic motor control means manufactured, used or sold by the defendants, and where manufactured, used or sold. The plaintiff is not required to specify any such hydraulic motor control means except in one instance. Any other particulars as respects this request call for evidentiary matter and should be obtained through interrogatories or discovery. In all other respects the request No. 1 is denied.

Knupfer v. Albertson & Co., Inc., D.C., 1 F.R.D. 257, by J. Burke, seems to me not in point. This involved the question of an accounting under a license agreement.

■ (2) Request No. 2 is denied in toto. This calls for evidentiary matter and the matter is not necessary to be furnished in order to enable the defendants to plead. The complaint is sufficiently definite in this respect. In view of the fact that defendants will be informed of a particular means manufactured, used or sold, with the patent available, the defendants are in a position to make their decision as to what in the plaintiff's claim is new or patentable and what step or steps the plaintiff deems to be inventive in the combination of elements. Hence they should be able to plead. There may be instances in which such requests should be allowed and there are decisions granting such requests. However, I see no reason here in departing from the rule long established in these cases: Jessup & Moore Paper Co. v. West Virginia Pulp & Paper Co., D.C., 25 F.Supp. 598; Smith v. Buckeye Incubator Co., D.C., 33 F.Supp. 71; Midwest Mfg. Co. v. Staynew Filter Corp., D.C.W.D.N.Y., 12 F.Supp. 876; Lykken v. International Pulverizing Corp., D.C.D.N.J., 33 U.S.P.Q. 373; E. I. DuPont DeNemours & Co. v. Byrnes, D.C., 1 F.R.D. 34, 35.

■ (3) Particulars as to when the plaintiff first knew of the infringement of Patent No. 1,927,585 and Re-issue Patent No. 19,694 are directed to be given; in all other respects this request is denied.

■ (4) When and to whom plaintiff first sold motor control means in accordance with Letters Patent in suit must be stated. In all other respects this request is denied.