### STEFANIAK v. BOLAND et al.
### No. 839.

District Court, W. D. New York.
Oct. 29, 1941.

Desmond & Drury, of Buffalo, N. Y., for plaintiff.

Brown, Ely & Richards, of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

This is a motion under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The requests as made will be considered seriatim.

First: With respect to the allegations of the "Second" paragraph of said complaint:

(a) What boiler of the Steamer Lake Chelan plaintiff claims he was cleaning out at the time of his alleged accident?

The plaintiff is directed to answer this interrogatory. In Young v. Mason-Walsh-Atkinson-Kier Co., D.C., 33 F.Supp. 358, the plaintiff was required to specify the gallery in which he was walking when the injuries were sustained. In Guerin v. Portland Trawling Co., D.C., 1 F.R.D. 64, the plaintiff was required to state plaintiff's location at the time of the alleged injuries. Fowler v. Baker, D.C., 32 F.Supp. 783, held that subject matter here was more properly obtainable by discovery. This last-mentioned decision seems to me to have gone too far in this respect.

(b) Precisely where the plaintiff was with relation to said boiler at the time of his alleged accident.

The motion with respect to this inquiry is denied. While support for its allowance may be found in the cases hereinbefore cited, it seems to me the answer to the preceding inquiry is sufficient. This ruling is in accord with Fowler v. Baker, supra.

(c) From where and to where does plaintiff claim he fell, and upon what did he fall, and how far he fell, and what part of his body did he land upon in his fall?

The motion in this respect should be denied. Gardiner v. Agwilines, Inc.,[1] held that plaintiff should be not required to furnish a bill of particulars stating the exact location at the time of alleged wrongful death, if the approximate location is given. See, also, Fleming v. Dierks Lumber & Coal Co., D.C., 39 F.Supp. 237; Hy-draulic Press Mfg. Co. v. E. W. Bliss Co. et al., D.C., 2 F.R.D. 35.

Second: With respect to the allegations of the "Third" paragraph of said complaint:

(a) State the name and position of each and every servant and employee of the defendant whose negligence it is claimed caused plaintiff's injuries.

The motion as to this inquiry should be denied. Ordinarily an adversary will not be required to disclose the names of his witnesses. Mulloney v. Federal Reserve Bank of Boston, D.C., 26 F.Supp. 148, and cases cited. The answers hereinafter required are sufficient as related to the instant inquiry.

(b) State each and every particular in which it is claimed the defendants and their agents, servants and employees caused plaintiff's injuries.

Plaintiff should be directed to state generally the particulars in this respect. Greeley v. General Seafood Corp., D.C., 1 F.R.D. 532; Anschutz v. Phillips Petroleum Co., D.C., 1 F.R.D. 598.

(c) State each and every particular in which it is claimed the boiler referred to in said complaint was in an unsafe and unseaworthy condition.

This request should be denied. Matters of evidence are not required to be plead and ordinarily a bill of particulars will not be ordered as to information which is within the control of the moving party. Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 103 F.2d 843; Fleming v. Dierks Lumber & Coal Co., supra; Hydraulic Press Mfg. Co. v. E. W. Bliss Co. et al., supra; Clarke Door Co., Inc., v. Yeager, D.C., 1 F.R.D. 770; Martz v. Abbott, D.C., 2 F.R.D. 17; Madsen v. Palmer, D.C., 2 F.R.D. 13.

(d) State each and every rule of navigation which plaintiff claims was violated.

The motion as to this should be denied. The complaint is sufficiently explicit in this respect.

Third: With respect to the allegations of the "Fourth" paragraph of said complaint:

(a) State particularly each and every way in which it is claimed the plaintiff was rendered sick, sore, lame and disabled.

---

[1] No opinion for publication.

■ The plaintiff should state what injuries he sustained. McElwain v. Wickwire Spencer Steel Co., D.C., 1 F.R.D. 177; Grier v. Tri-State Transit Co., D.C., 36 F.Supp. 26.

(b) State each and every particular in which it is claimed plaintiff sustained any permanent injury.

■ The motion as to this is denied. This is sufficiently answered in (a) immediately above.

(c) State for what period of time plaintiff was incapacitated from following his usual occupation.

■ Denied. If the defendants are informed of the alleged disabilities they are in a position to plead with reference to them.

(d) State each and every item of expense plaintiff has had incurred.

■ Denied. This inquiry is not within the province of a bill of particulars.