## G. F. HEUBLEIN & BRO. v. BUSHMILL WINE & PRODUCTS CO. et al.

### No. 595 Civil.

District Court, M. D. Pennsylvania.

Dec. 19, 1941.

See, also, D.C., 39 F.Supp. 549.

Clarence P. Goldberg and Clarence G. Campbell, both of New York City, and O'Malley, Hill, Harris & Harris, of Scranton, Pa., for plaintiff.

Beekman Aitken, of New York City, and Donahoe & Helriegel, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This suit was brought to enjoin alleged trademark infringement and unfair trade competition. After answer was filed by the defendants, plaintiff presented a motion for oral examination of the president of defendant corporation, and for inspection of certain documents and records concerning the production and sale of defendant's products "Raven Run" and "Old Raven". Plaintiff's motion itemizes the documents and papers requested in six (6) classifications. Regarding the first of these classifications the parties are in agreement and have filed a stipulation. Therefore it will not be considered further by the court.

Items 2 to 6 request the production and inspection of certain invoices, records, bills, orders and advertisements in connection with manufacture and sale of defendant's products. The matters are not public records, and are within the sole knowledge of the defendant. The defendant, by affidavits and exhibits already filed, has not given the information now requested. This was first brought to the attention of the court at the hearing upon plaintiff's application for a preliminary injunction. The exhibits and affidavits, referred to by defendant in opposing the motion now before the court, are stated in general terms, and can not be analyzed or broken down to show specific items of sales or expenditures of defendant's products.

This court has already decided that among the material issues in this suit are the knowledge and use by the respective parties. The information sought by the plaintiff is not privileged, bears directly upon material issues, is necessary for plaintiff to prepare for trial, and is in the exclusive control of the defendant.

Rules 26 to 37 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, under which this motion is

made, were formulated with the intention of granting wide latitude in ascertaining before trial material facts, concerning the real issues in dispute, that valuable time may be saved at the actual trial. These rules when properly used place the pleader's information almost entirely within the control of the opposing party, and make surprise at trial almost impossible: Clark Door Co. v. Yeager, D.C.M.D.Pa., 1 F.R.D. 770; Pearson v. Hershey Creamery Co., D.C.M.D.Pa., 30 F.Supp. 82; Brinley v. Lewis, D.C.M.D.Pa., 27 F.Supp. 313. See, also, Nichols v. Sanborn Co., D.C., 24 F.Supp 908; Floridin Company v. Attapulgus Clay Company, D.C., 26 F.Supp. 968; Cohn v. Annunziata, D.C., 27 F.Supp. 805; Teller v. Montgomery Ward & Co., Inc., D.C., 27 F.Supp. 938; Coca-Cola Company v. Dixi-Cola Laboratories, Inc., D.C., 30 F.Supp. 275; American Lecithin Company v. W. A. Cleary Corporation, D.C., 1 F.R.D. 603; RCA Manufacturing Company, Inc., v. Decca Records, Inc. et al., D.C., 1 F.R.D. 433.

It is ordered that plaintiff's motion for oral examination and for the production and inspection of documents is granted in its entirety, excepting the first request, which has been agreed upon; and it is further ordered that the examination be conducted at a time and place to be agreed upon by the parties, not to be held in the offices of any counsel in this case.

For the foregoing reasons, defendant's motion in opposition to plaintiff's motion is denied.

Defendants have also made a motion for oral examination of an officer or employee of "Tap and Tavern", a journal of the liquor industry, listing five specific requests for information and documents to be produced. Items (1), (2) and (3) do not state proper subjects for information by examination and deposition, because they concern advertising of brands of liquor not involved in this action and also because much of the information sought can be obtained from defendant's own records. Item (4) requested has not been shown to be material to the issues involved, because proof of gratuitous mailing of a trade journal to plaintiff would not be evidence that plaintiff had any knowledge of defendant's use of certain trade names. Since requests (1) to (4) will be refused, the request to copy all such documents must also be refused as it relates to immaterial matters.

For the foregoing reasons, defendant's motion for oral examination and the production of documents by "Tap and Tavern" is denied.