68

Edward J. Hennessy, Jay Stough, Jack S. Morris, and Daniel M. Schuyler, all of Chicago, Ill., and Charles Korn, of New York City, for plaintiff.

Eckert & Peterson, Concannon, Dillon, Snook & Arthur, Walter P. Murphy, Walter Wm. Pearson, and Lawrence L. O'Connor, all of Chicago, Ill., for defendants.

HOLLY, District Judge.

Plaintiff sues for money due it for constructing a housing project for defendant, asserting that defendant owes money for work done under the contract and also for extras furnished at the request of the defendant. Defendant has filed its motion for a bill of particulars.

In my opinion a defendant is not entitled to a bill of particulars if the complaint is sufficiently explicit to enable the defendant to know with what he is charged and to answer yes or no, to admit or deny, or to explain the charges made against him.

The forms set forth by the framers of the rules indicate that in their opinion a charge of a very general character would in most instances give a defendant sufficient information to enable him to plead, and that is all he is entitled to before the issues are made up. Afterwards, through the provisions for discovery he can obtain the specifications of plaintiff's claim that will enable him to prepare his defense.

While there are cases in which it has been held that a defendant is entitled to obtain by way of a bill of particulars a detailed statement of the various items of a plaintiff's claim, I think the weight of authority is to the contrary. Brinley v. Lewis, D.C., 27 F.Supp. 313; Graziano v. Michigan Associated Express, Inc., D.C., 1 F.R.D. 530; Martz v. Abbott, D.C., 2 F.R.D. 17. And see Werner Ilsen, XVI St. John's Law Review 1. Also 1 Moore's Fed.Practice, 1941, Supp. 198.

The plaintiff has heretofore admitted that defendant is entitled to the particulars requested in items 1 and 2 of defendant's motion and has furnished the information asked for in item 2.

Paragraph 3 of defendant's motion calls for a copy of a certificate of the completion of the housing structure and paragraph 4 requests particulars of the work included in the exceptions in said certificate. The certificate referred to was issued by the defendant and the exceptions are those inserted by it in the certificate.

Paragraph 5 of defendant's motion calls for particulars of work done and materials furnished as set out in paragraph 7 of the complaint. I am of the opinion that these claims are set out with sufficient definiteness to enable defendant to answer. As to many of the items it is alleged that they were furnished on specific request by defendant. Certainly where defendant has knowledge of the matters complained of he cannot legitimately say that he cannot plead to the complaint without further information. See Moore, Id.1941 Supp. 201.

■ As to the date asked for in connection with the claim for interest in paragraph 9 of count I, I think defendant is entitled to that information.

No particulars are requested as to count II of the complaint.

■ Certain particulars are requested as to count III. This count has not the certainty of count I and yet it is hard to believe that defendant does not know whether it did the things therein charged against it except as to the matters set forth in paragraph 4(a) of said count. This paragraph, it seems to me, is too vague and uncertain to entitle the plaintiff to relief and should be stricken. If plaintiff means to charge in that paragraph that, at the request of defendant, it furnished work and materials not covered by the contract, it has made that complaint in count I. The charge of wilfully misinterpreting the terms of the contract, it seems to me, means nothing.

An order accordingly will be entered on December 7, 1942.