## LINCOLN v. HERR.

### Civil Action No. 84.

District Court, W. D. Pennsylvania.

Oct. 16, 1946.

210

Edward E. Petrillo, of Erie., Pa., for plaintiff.

Brooks, Curtze & Silin, of Erie, Pa., for defendant.

GOURLEY, District Judge.

This case is before the Court for determination of a motion for a more definite statement of complaint filed by the defendant under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The request as made will be considered seriatim. The plaintiff brought this action to recover damages for injuries alleged to have been sustained as a result of being struck by a motor vehicle being driven by the defendant.

The first request of the defendant sets forth that the averments as to negligence in Paragraph 2 are too limited and that an explanation is desired as to what is meant by the averment in Paragraph 2 that "defendant negligently drove a motor vehicle against plaintiff who was then standing in the rear of a truck parked on said highway." The information desired by the defendant is:

(a) In what respect was the defendant negligent?

(b) Why was the plaintiff standing there, i.e., in the rear of the truck parked on said highway?

The complete allegation of fact set forth in Paragraph 2 by the pleader is as follows:

"2. On December 19, 1945 on a public highway known as United States Route No. 6, one mile east of Wellsboro in the County of Tioga, State of Pennsylvania, defendant negligently drove a motor vehicle against plaintiff who was then standing in the rear of a truck parked on said highway."

In the first instance, the plaintiff need not plead evidence and he sets forth a claim for relief when he makes "a short and plain statement of the claim showing that the pleader is entitled to relief". Rule 8(a) (2) of Federal Rules of Civil Procedure. Furthermore Rule 8(e) (1) requires that "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Rule 8(f) sets forth that "All pleadings shall be so construed as to do substantial justice." Rule 84 sets forth that "The forms contained in the Appendix of Forms are intended to indicate, * * *, the simplicity and brevity of statement which the rules contemplate." Form 9 in the Appendix of Forms attached to the Rules of Civil Procedure contains this concise allegation of negligence: "* * * defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway."

Since there is a specific allegation of negligence in a general manner set forth in the complaint, it is not necessary for the plaintiff to plead evidence; and if the defendant needs further information to prepare his defense, he can obtain it by interrogatories under the provisions of Rule 33 of the Federal Rules of Civil Procedure. Martz et al. v. Abbott et al., D.C., 2 F.R.D. 17; Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 103 F.2d 843; Hardin v. Interstate Motor Freight System, Inc., D.C., 26 F.Supp. 97.

Furthermore, the plaintiff in his pleading, for reasons personal to himself, might not have desired to set forth the specific items of negligence of which complaint was made for the reason that where a general charge of negligence is followed by a specific charge, the specific charge supersedes the general and if plaintiff under such circumstances recovers at all, it must be upon the specific acts of negligence and not upon the general. Sinclair Refining Co. v. Stevens et al., 8 Cir., 123 F.2d 186; Meyerkorth v. McKeone et al., D.C., 4 F.R.D. 323.

In connection with the request that the plaintiff set forth the reason that the

plaintiff was standing in the rear of the truck is not well founded for the reason that under Pennsylvania law and new Federal Rules of Civil Procedure, providing that contributory negligence and assumption of risk shall be alleged as an affirmative defense, facts going to those issues are not required to be alleged by the plaintiff in his personal injury action, and the plaintiff is, therefore, not obligated to anticipate the defense by detailing such facts in a bill of particulars. Lasicki v. Socony Vacuum Oil Co., Inc., D.C., 1 F.R.D. 384.

Although authorities in other circuits and in other districts seem to hold to the contrary, it appears to be the rule of law in the Third Circuit that if the defendant needs further information to prepare his defense where a general allegation of negligence is set forth, it is necessary to secure this information by virtue of the provisions of Rule 33 of the Federal Rules of Civil Procedure, or by way of interrogatories. Martz et al. v. Abbott et al., D.C., 2 F.R.D. 17; Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 103 F.2d 843.

Motion of the defendant for a more definite statement of complaint in connection with the two items just discussed is, therefore, refused.

The defendant next complains that the averments of fact set forth in Paragraph 3 of the complaint are not set forth with sufficient definiteness; the allegations set forth being as follows:

"3. As a result plaintiff was thrown down and had his leg broken and was otherwise injured; was prevented from pursuing his employment; suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of about $1500.00."

The defendant in his motion for a more definite statement requests that the plaintiff explain the averment in Paragraph 3 that "As a result plaintiff was thrown down and had his leg broken and was otherwise injured." The information desired by the defendant is: In what respect was plaintiff otherwise injured?

The third request made by the defendant pertains to the averments in Paragraph 3 relating to expenses. The defendant requests that the plaintiff be directed to specify and itemize the expense items amounting to $1500 as set forth in Paragraph 3 of the complaint.

The second and third reasons set forth by the defendant for a more specific statement are denied for the same reasons as set forth herein in disposing of the first reason for a more specific statement.

However, every party to litigation is entitled to secure all evidence, information and documents germane to the issues even if they are in the possession of an adverse party and such matters should be made available before trial. The purpose is not only to facilitate the obtaining of the evidence for use at trial but also to reduce the element of surprise to a minimum and shorten trials. In other words, any matter that any party litigant might have, or know, is available to the opposing party litigant, other than the work product of the lawyer. Hickman v. Taylor, 3 Cir., 153 F.2d 212.

It has been definitely ruled in this Circuit that a plaintiff sets forth a claim for relief when he makes a short and plain statement of the claim, showing that the pleader is entitled to relief. Technicalities are no longer of their former importance, and a short statement which fairly gives notice of the nature of the claim is sufficient compliance with the requirements of the Rules of Federal Procedure. Continental Collieries v. Shober, 3 Cir., 130 F.2d 631; Sierocinski v. E. I. Du Pont de Nemours & Co., 3 Cir., 103 F.2d 843.

The motion of the defendant for a more specific statement is, therefore, refused in whole since a full and complete remedy exists under other rules by which the information desired can be secured.

An appropriate order will be filed herewith.