**REESE v. PENNSYLVANIA R. R.**
Civ. A. No. 261.

United States District Court
W. D. Pennsylvania.
April 8, 1953.

Smith, Maine, Whitsett & Lee, Clearfield, Pa., for plaintiff.

S. Y. Rossiter, Erie, Pa., for defendant.

GOURLEY, Chief Judge.

In this proceeding the plaintiff claims a right to recover damages based on negligence in the failure of the defendant to deliver a power shovel and boom at its shipping destination within a reasonable time after delivery to the railroad. That as a result of the negligent conduct of the defendant plaintiff lost the use of said shovel and was unable to fulfill his contractual obligations.

The defendant has filed a motion for a more definite statement with respect to the damages alleged to have been sustained by the plaintiff as a result of the alleged negligent conduct of the defendant.

1. No opinion for publication.

The paragraph pleading the damages is as follows:

"As a result of defendant's negligence and its failure to deliver the shovel within a reasonable time and within the time specified plaintiff lost the use of said shovel and was unable to fulfill his contractual obligations which he had made requiring the use of the shovel from June 10 to July 16, 1952, and was damaged in the amount of Twenty Thousand ($20,000.00) Dollars."

Defendant states that it cannot properly prepare its responsive pleading for the reason that the allegation as to damages is vague and indefinite, without an itemization by the plaintiff as to the basis for the amount of damages claimed of $20,000.

This court has consistently denied motions for a more definite statement as to the precise nature of damages sustained in an action based on negligence.

Rule 8(a) and (e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires short, plain and concise pleadings. Form 9 in the Appendix of Forms attached to the Rules of Civil Procedure, 28 U.S.C.A., does not suggest setting forth in detail an itemization of damages.

No useful purpose could be gained in setting this matter for argument or hearing since the rule in this district and circuit provides that if the defendant needs further information to prepare his defense, it is necessary to secure this information under the discovery procedure as provided by the Federal Rules of Civil Procedure, such as depositions or interrogatories without burdening the pleadings. Lincoln v. Herr, D.C.W.D.Pa., 6 F.R.D. 209; Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 103 F.2d 843.

The motion for a more definite statement is, therefore, refused and an appropriate Order is entered.