Harry L. CRANSTON, Plaintiff,

v.

BALTIMORE & OHIO RAILROAD COMPANY, Defendant.

Civ. A. No. 12568.

United States District Court
W. D. Pennsylvania.

Nov. 26, 1954.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Margiotti & Casey, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This matter comes before the court on Motion for More Definite Statement, Motion to Separately State and Number Two Causes of Action, and Motion to Strike Scandalous Language.

Plaintiff's complaint alleges that he was requested by defendant company to sign a private agreement, distinct and separate from the collective bargaining agreement in effect between plaintiff's union and defendant, as a pre-condition for his recall to employment. Plaintiff further alleges that he was subsequently ousted from his employment for breach of a condition of said private agreement. That said private agreement was contrary to public policy and violative of the tenor of the collective bargaining agreement, and thereby constituted a breach of contract for which money damages are demanded.

Defendant's Motion for More Definite Statement is premised on the theory that plaintiff fails to specifically identify the provisions of the collective bargaining agreement which were allegedly breached. It is apparent to me that defendant has possession of the agreement, and certainly is in just as satisfactory a position, if not more so, as an individual employee, in knowing the terms and provisions of a contract under which the labor relations of the defendant are conducted.

But be that as it may, the firm rooted policy of this court has been to relegate party litigants to the discovery process where it is claimed that the allegations are general in nature and not sufficiently informative to enable an adversary to intelligently present a defense. Lincoln v. Herr, D.C., 6 F.R.D. 209; Sierocinski v. E. I. DuPont De-Nemours & Co., 3 Cir., 103 F.2d 843; Hardin v. Interstate Motor Freight System, D.C., 26 F.Supp. 97; Martz v. Abbott, D.C., 2 F.R.D. 17; Reese v. Pennsylvania RR, D.C., 14 F.R.D. 153; Needles v. F. W. Woolworth Co., D.C., 13 F.R.D. 460; Gutowitz v. Pennsylvania RR, D.C., 7 F.R.D. 144.

Motion for More Definite Statement will be refused.

The defendant, in accordance with the provisions of Rule 10(b) of the Federal Rules of Civil Procedure, 28 U.S.C., moves that the plaintiff be required to state by separate counts the causes of action set forth in the complaint.

Defendant contends that the imposition upon plaintiff of the private agreement should be set forth in a separate count as a separate cause of action distinct from the cause of action arising from the alleged refusal of defendant to restore plaintiff to service on May 5, 1950.

Plaintiff's Paragraph 11 of the Complaint reads as follows:

"Plaintiff avers that the defendant breached its contract of employment, marked Exhibit A, in two respects: first, by requiring the plaintiff to sign Exhibit B as a condition for resumption of work, and secondly, by refusing to restore plaintiff to his job on May 5 as stated herein, thereby, in effect, discharging plaintiff from employment."

It is my judgment that Paragraph 11, alleging as it does a breach of the contract of employment, is limited to a

statement of a single set of circumstances. The count refers to a single cause of action which has various parts. The plaintiff is not required to separate a single cause of action into its component parts. Lehnertz v. Societe Anonyme Belge D'Exploitation De La Navigation Aerienne, D.C., 8 F.R.D. 319. I am satisfied that the allegation is sufficiently clear to enable defendant to properly answer.

Defendant's motion to separately state and number two causes of action will be refused.

■ Defendant moves to strike scandalous, irrelevant and impertinent material which allegedly appears in the complaint, in that plaintiff refers to the private agreement that he was required to sign as a pre-condition for his return to employment a "yellow dog contract." Defendant asserts that a "yellow dog contract" is commonly construed to mean a contract by which an employer requires an employee to sign a pledge that he will not join a union, and refers to adjudications in divers western states to support his position.

No purpose could be served in determining the precise meaning of the expression "yellow dog contract." The expression is purely descriptive and in no way can assist this court in resolving the issues raised.

Upon examination of the complaint, I am convinced that the designation of Exhibit B, as a "yellow dog contract", being the private contract heretofore mentioned, is purely superfluous, surplusage and irrelevant to the proceeding.

The sole issue for determination is whether defendant breached its contract of employment by requiring plaintiff to sign said agreement as a condition for resumption of work and/or whether or not said agreement, in and of itself, is illegal as being contrary to public policy.

Motion to strike on page two of the complaint from paragraph numbered 10 the words "and is the type of contract known in the industry as a 'yellow dog contract' " will be granted.

An appropriate Order is entered.