846

SECURITIES AND EXCHANGE COMMIS-
SION v. HANSBERGER.
No. 127.

District Court, W. D. Oklahoma.
April 28, 1939.

John W. Alexander, of Fort Worth, Tex., for plaintiff.

J. Forrest McCutcheon and J. B. Dudley, both of Oklahoma City, Okl., for defendant.

VAUGHT, District Judge.

The plaintiff has filed its complaint against E. S. Hansberger, individually and as trustee, alleging that since on or about October 4, 1938, the defendants and each of them have been and are now selling securities, namely, "Founder Member Certificates, Producers Finance Corporation, in Process of Organization," and in the sale of such securities have been and are now directly and indirectly using the mails and the means and instruments of transportation and communication in interstate commerce and are now, directly and indirectly, carrying such securities and causing them to be carried through the mails and in interstate commerce, by means and instruments of transportation, for the purpose of sale and delivery after sale. That no registration statement with respect to such securities is in effect with the Securities and Exchange Commission; and that the defendants and each of them will, unless enjoined continue to engage in the acts and practices set forth in this complaint, and prays for a temporary restraining order enjoining the defendants, their agents, servants, employees, attorneys, successors, and assigns and each of them from directly or indirectly making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell "Founder Member Certificates, Producers Finance Corporation, in Process of Organization," or any other securities, through the use or medium of any prospectus or otherwise; or of carrying such securities or causing them to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale and delivery after sale.

The temporary restraining order was issued on the 2nd day of March, 1939, and continued in force by agreement until the 18th day of March, 1939, at which date the hearing for a temporary injunction was to be heard. On said date it was agreed that the defendants be permitted to file instanter their response and that the hearing be had upon the merits of the case for a permanent injunction.

It is agreed in this case that the defendants, prior to March 2, 1939, at which time the temporary restraining order was issued, and from the 14th day of October, 1938, used the mails of the United States in offering for sale and delivery after sale, "Founder Member Certificates, Producers Finance Corporation, in Process of Organization;" and that no registered statement with respect to "Founder Member Certificates, Producers Finance Corporation, in Process of Organization," was or ever had been in effect with the Securities and Exchange Commission.

It is further agreed that said "Founder Member Certificates, Producers Finance Corporation, in Process of Organization," are securities as that term is defined by Section 2(1) of the Securities Act of 1933 as amended, 15 U.S.C.A. § 77b(1).

The defendants, however, contend that, while these certificates constitute securities, they are exempt under Rule 200 of the General Rules and Regulations of the Securities and Exchange Commission. That portion of Rule 200 on which the defendants rely is as follows: "This rule shall

not be applicable to exempt (1) certificates of deposit except certificates of deposit or receipts issued pursuant to a plan and/or agreement under which such certificates of deposit or receipts are to be exchanged for bonds issued by the Home Owners' Loan Corporation and/or the net cash proceeds thereof; (2) securities exchanged for bona fide outstanding securities or claims; (3) voting trust certificates; (4) overriding royalty interests, oil and/or gas payments, or fractional undivided interests in oil, gas, or other mineral rights; or (5) certificates of interest or participation in trusts or unincorporated associations, a substantial portion of the assets of which consists of, or it is contemplated will consist of, oil or gas leasehold interests or rights, or fractional undivided interests in oil or gas rights."

Subsection (5) of the foregoing rule is very definite in its terms and, in the judgment of the court, fully covers the transactions involved in this case.

The court is clearly of the opinion that the defendants could not engage in this business without complying with the rules of the Commission and that their acts, as admitted in this record, were clearly in violation of the Act.

The temporary restraining order heretofore entered will be made permanent. An exception is allowed. Findings of fact, conclusions of law and a proper form of judgment, consistent with this opinion, may be submitted within ten days from this date.