## SECURITIES AND EXCHANGE COMMISSION v. SEARCHLIGHT CONSOL. MINING & MILLING CO. et al.
### No. 1000.

United States District Court
D. Nevada.
March 17, 1953.

---

Arthur E. Pennekamp, San Francisco, Cal., for Howard A. Judy, Regional Administrator, U. S. Securities and Exchange Commission, San Francisco, Cal.

Morse & Graves, Las Vegas, Nev., for defendants. Homer C. Mills, Searchlight, Nev., in pro. per.

FOLEY, District Judge.

Motions to dismiss, for summary judgment and to modify preliminary injunction came on regularly to be heard at Las Vegas, Nevada, December 30, 1952. It was ordered pursuant to consent of counsel that each of the said motions be submitted on briefs.

The Securities and Exchange Commission, in its complaint, alleges: [a] That since May 24, 1951, and continuously up to the date of the filing of its complaint (March 24, 1952), the defendants have been and are now selling securities, namely, shares of the common capital stock 10¢ par value of defendant Searchlight Consolidated Mining & Milling Company, and, in the sales of such securities, have been, and are now, directly and indirectly, using the mails and means and instruments of transportation and communication in interstate commerce; [b] that at no time herein mentioned has a registration statement with respect to such securities been in effect with the Securities and Exchange Commission; and [c] the defendants will, unless enjoined, continue to engage in the acts and practices set forth in this complaint (obviously referring to the acts and practices described in [a] and [b] above).

In their answer, defendants expressly admit [a] and [b] and, by failure to deny, admit [c]. Defendants aver that defendant Searchlight Consolidated Mining & Milling Company has qualified its issue of securities described in the complaint under § 3(b) of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77c(b), and under the rules and regulations of the plaintiff, and that said qualification has been in effect since on or about May 24, 1951, and at all times since and now is in effect; that this qualification consists of a letter of notification executed by the defendant corporation upon the printed forms approved and supplied by the plaintiff, and the plaintiff admits that such letter of notification was filed prior to May 24, 1951, and that it was properly filed and was not deficient in any respect. And further, in their answer, defendants allege that upon the filing of said letter of notification by the defendant corporation with the plaintiff's office at San Francisco, California, defendant corporation secured the right to proceed to market its securities (obviously shares of defendant Searchlight Consolidated Mining & Milling Company) without the filing of the registration statement described in plaintiff's complaint, and that defendants have been marketing the securities of the defendant corporation pursuant to said § 3 (b) governing exempted securities under said Securities Act of 1933, as amended.

A complaint similar in substance to ours was before the Court in Securities and Exchange Commission v. Hansberger, D.C., 27 F.Supp. 846.

■ Some of the 14 specifications in the motion to dismiss raise contentions as to the failure of the complaint to allege existence of valid rules or regulations of the Commission applicable to the complained of acts of the defendants, and that the complaint fails to allege how or in what manner any such rule or regulation had been violated; and also, that solicitation by defendants was confined to existing stockholders and that such stockholders are not to be considered as members of the public. As to the last contention, see Securities and Exchange Commission v. Sunbeam Gold Mines Co., 9 Cir., 95 F.2d 699, 701. The contentions just mentioned are not proper subjects of a motion to dismiss.

■■ One who asserts that the provisions of the Act do not apply to his class of securities or one who claims an exempted transaction has the burden to prove such contentions. Securities and Exchange Commission v. Sunbeam Gold Mines Co., 9 Cir., 95 F.2d 699, 701.. A pleader is not required to anticipate any such defenses in his complaint. There is no merit in the motion to dismiss.

Summary judgment. The motion for summary judgment recites:

"This motion is based upon:

"(a) The pleadings on file in this action; .

"(b) The affidavits of Howard A. Judy, D. E. Chasse, O. H. English, Rupen English, Mrs. Betty Fellin, Mrs. Alfred Knab, George W. Oakes, Louis Lerner, Milton R. Schachtman, Dr. Bernard Trauger and Homer C. Mills, and the certificate of James Hindle, Records Officer, Securities and Exchange Commission, previously filed in this action; .

"(c) The record, including stipulations and agreements, of the pre-trial conference held before this Court on May 12, 1952."

At the pre-trial conference it was stipulated that there is no dispute as to the facts and it was also agreed that the facts set forth in the affidavits filed by the plaintiff in support of the motion for preliminary injunction are correct and that the exhibits attached to the affidavits may be accepted without further identification or authentication. And further, it was understood that the Commission would offer certified copies of the Order under which a regulation called Regulation A was adopted. From one of said affidavits, that of Howard A. Judy, it appears that no copies were filed with the San Francisco Regional Office of the Securities and Exchange Commission of the following:

"(1) the circular letter dated May 24, 1951 on the letterhead of Searchlight Consolidated Mining & Milling Company attached to the affidavits of Rupen English and Milton R. Schachtman;

"(2) the circular letter dated August 15, 1951, attached to the affidavit of Milton R. Schachtman;

"(3) the circular letter dated October 3, 1951 attached to the affidavits of O. H. English, George W. Oakes, Milton R. Schachtman and Dr. Bernard Trauger;

"(4) and the circular letter dated November 15, 1951 attached to the affidavits of Mrs. Betty Fellin, George W. Oakes and Dr. Bernard Trauger."

The affidavit of defendant Homer C. Mills, presented in opposition to application for preliminary injunction, referred to in motion for summary judgment and commented on in defendants' reply brief filed February 10, 1953, page 4, lines 24 to 30, included the following concerning the four letters mentioned in Mr. Judy's affidavit:

"That the four letters mentioned by the plaintiff in the affidavits on file herein, as having been sent to existing shareholders of defendant Searchlight Consolidated Mining & Milling Corporation, were sent to all shareholders of record of said corporation on said dates between May 24, 1951 and November 15, 1951."

The issue of securities here constituting a public offering could not be exempted from

the provisions of the Act including the requirement to have in effect a registration statement unless the same falls into the category of securities exempted by the Commission subject to such terms and conditions as may be prescribed by rules and regulations of the Commission. The authority to make such exemption is found in § 3(b) of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77c(b) which is as follows:

"The Commission may from time to time by its rules and regulations, and subject to such terms and conditions as may be prescribed therein, add any class of securities * * * exempted as provided in this section, if it finds that the enforcement of this subchapter with respect to such securities is not necessary in the public interest and for the protection of investors by reason of the small amount involved or the limited character of the public offering; but no issue of securities shall be exempted under this subsection where the aggregate amount of which such issue is offered to the public exceeds $300,000."

Defendants' difficulty is due to their failure to recognize that by this subsection the Commission is authorized to make rules and regulations and is authorized to add classes of exempted securities only subject to terms and conditions as may be prescribed in the Commission's rules and regulations. Not only is a letter of notification necessary but compliance with the terms and conditions must be made for the securities to be expressly exempted from provisions of the Act.

From the admissions of the defendants and the affidavits and exhibits referred to in the motion for summary judgment, it appears that the four circular letters described in the affidavit of Howard A. Judy and attached to affidavits of Rupen English, Milton R. Schachtman, O. H. English, George W. Oakes, Dr. Bernard Trauger and Mrs. Betty Fellin were communications used in connection with a public offer of securities of defendant Searchlight Consolidated Mining & Milling Company. Each of said communications was required to be filed with the Commission under Rule 223(a), 17 C.F.R., 1949 Ed., § 230.223 which, so far as we are here concerned, is as follows:

"Three copies of every written communication, advertisement or radio broadcast prepared or authorized by the issuer, * * * which is proposed to be used at the commencement of the public offering under this regulation or intended to be sent or delivered thereafter to more than ten persons shall be filed, at least 5 days * * * prior to any use thereof, with the office of the Commission with which the letter of notification is filed. * * *"

And each of said communications was required to contain certain information as set forth in Rule 223(c).

The purpose of the Securities Act of 1933 is to provide full and fair disclosure of the character of securities sold in interstate and foreign commerce and through the mails; and to prevent frauds in the sale thereof, and for other purposes. If defendants' contentions were sound, the purposes of the Act would be frustrated and the Commission could not act to prevent frauds in instances where issues of securities were offered to the public in amounts not exceeding $300,000.

No genuine issue as to any material fact remains in controversy.

The above in effect disposes of the motion to modify preliminary injunction.

Now, Therefore, It Is Hereby Ordered, Adjudged and Decreed:

That the motion to dismiss be, and the same hereby is, denied;

That plaintiff's motion for summary judgment be, and the same hereby is, granted; and

That plaintiff is entitled to final judgment enjoining the defendants, their agents, servants, employees, attorneys, assigns and each of them, and all persons acting in concert or participation with them, until the further Order of this Court, from directly or indirectly making use of any means and instruments of transportation or communication in interstate commerce or of the mails to sell the common capital stock 10¢ par value of defendant Searchlight Consolidated Mining & Milling Company, a corpora-

tion, through the use or medium of a prospectus, or otherwise, unless or until a registration is in effect with the Securities and Exchange Commission as to such securities; provided, that said injunction shall not apply to such security or any transaction if exempted from the provisions of § 5 of the Securities Act of 1933, as amended, 15 U.S. C.A. § 77e.

Let judgment be entered accordingly.