### COGHLAN *v.* SOUTH CAROLINA R. CO.

*(Circuit Court, D. South Carolina. October, 1887.)*

1. TENDER—SUFFICIENCY—EFFECT.
    When, upon a claim for money, the debtor, before suit brought, tenders a certain sum in lawful tender, absolutely and without condition, to his creditor, and this is refused, he may retain the money, and, on suit brought against him, will be relieved from payment of interest after the date of tender, and from payment of costs, if plaintiff recover no more than the sum tendered.

2. SAME.
    But, if the offer to pay be made pending the suit, it cannot avail him, unless he follow it up with an offer to pay the money into court, or, at the least, submit to a judgment for the sum admitted.

*(Syllabus by the Court.)*

*H. E. Young,* for complainant.
*Mitchell & Smith,* for defendant.

SIMONTON, J. This is a bill seeking to enforce the payment of certain bonds, secured by a mortgage of the property of the South Carolina Railroad Company. After an order of reference was made in the case, and the report thereon filed, but before the sum actually due was ascertained, the defendant offered to pay to the plaintiff the sum of $44,600, which the defendant alleged was in full of debt and costs. The money was tendered in legal-tender notes. No receipt was demanded. The offer was refused by complainant. The defendant did nothing after the offer was declined, and now insists that the complainant cannot recover interest on his claim accruing after the date of his refusal, to-wit, twenty-eighth February, 1883.

Where a claim is made on a money demand, and the debtor is prepared to admit a part of the claim, he can tender to the claimant the amount admitted. If the tender be refused, and suit be afterwards instituted, the plaintiff must establish that more was due to him than the amount tendered, else he will lose as well the costs as all interest accruing after the tender. The party making the tender must see that it

is made to the proper person, in legal tender; that it is absolute, not clogged with any condition; and that it is continuous,—that is to say, he must always be prepared to complete the tender and produce the money. *Fishburne* v. *Sanders*, 1 Nott & M. 243; *Black* v. *Rose*, 14 S. C. 278; 5 Rob. Pr. 947, 948; *Bissell* v. *Heyward*, 96 U. S. 587. No suit having been commenced, the acceptance on the part of him who is to receive is necessary to the full discharge of the party tendering. If this be withheld, the latter having done everything in his power, must retain his money, and need only keep himself in readiness to fulfill his tender if the other party changes his mind. 5 Rob. Pr. 947; *Dobie* v. *Larkan*, 32 Eng. Law & Eq. 501.

But when an action has already been commenced and is pending, if the defendant be disposed to admit the demand in part, it is not only necessary that he should offer to pay the amount admitted in the same way as the tender before suit should be made, but he must go further, and either pay the sum admitted into court, or, at the least, offer to submit to a judgment for that sum. This is the rule in the common-law courts. Even when a tender before suit has been made, the plea of the tender must be accompanied by an offer to pay the money into court. 1 Tidd, Pr. 540; 5 Rob. Pr. 949, 950; Civil Code Proc. S. C. § 265, subd. 5. It commends itself to this court. The reason for the practice is clear. A tender before suit cannot possibly be made complete if not accepted. There is no way of compelling the acceptance. An offer to pay, pending a suit, can be made complete by the action of the courts ordering the money paid in. The court, in this, represents both parties, and its orders bind the plaintiff as well as the defendant. The money paid in is for the plaintiff, and the possession of it cannot be resumed by the debtor. In the further prosecution of the case that much is stricken from the record, whether the plaintiff takes out the money or not. *Black* v. *Rose*, 14 S. C. 278. Or, as stated in *Boyden* v. *Moore*, 5 Mass. 367:

"The bringing of money into court is a practice adopted to relieve the defendant against an unexpected suit, for money which he is willing to pay, but which he has not tendered to the plaintiff before the commencement of the suit. After the defendant had brought in as much money as he thinks proper, and the plaintiff has refused to receive it in satisfaction, the defendant is entitled to have the same considered as a payment made on the day on which it was brought."

In the present case the defendant simply offered to pay the money, and, when it was refused, was content to do nothing more. The offer cannot avail it as if it were a tender.