## MacDONALD et al. v. WINFIELD CORPORATION et al.

### Civ. A. No. 8708.

United States District Court
E. D. Pennsylvania.

Dec. 30, 1948.

Henry Temin, of Philadelphia, Pa., for plaintiff.

Owen B. Rhoads and Raymond J. Bradley, both of Philadelphia, Pa., for defendants.

KIRKPATRICK, Chief Judge.

This is a civil action based on breach of contract and tort. There are two defendants, both corporations—Winfield (successor to Phoenix) and Virginia Metal Products (successor to Snead). The second defendant has moved to dismiss for failure to state a cause of action.

Laying aside the question whether the facts set out in the complaint are enough to bring Snead into the tort case as a subsequent participant in the program of fraud and coercion charged to Winfield, I am of the opinion that the cause of action for breach of contract by Snead is adequately stated.

The contention of the defendant is that it cannot be sued upon the agreement of August 6, 1946, which forms the basis of the plaintiff's case, for the reasons that

neither is its corporate name signed or appended to the agreement nor do the execution clauses recite that the contract is that of the corporation or that the individuals who sign it do so for or in behalf of the corporation. The instrument is signed, first by Phoenix, then by MacDonald (the president of the corporation) as an individual, third by all the officers, directors and voting trustees of Snead, describing themselves as such, and fourth, by all the officers, directors and stockholders of Snead, again describing themselves as such.

"A contract by a corporate officer or agent need not, however, be made and signed in the name of the corporation to render the corporation liable thereon, if it was the intention of the parties to bind the corporation", 13 Am.Juris., Corporations, Section 1107, and cases cited. This complaint does not expressly state that it was the intention of the parties to bind the corporation. If an amendment to that effect were necessary, I would give the plaintiff leave to amend. Under the old equity practice, an amended bill was sustained in American Preservers' Trust v. Taylor Mfg. Co., C.C., 46 F. 152.

However, under the Federal Rules of Civil Procedure, 28 U.S.C.A., "There is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim". Continental Collieries v. Shober, 3 Cir., 130 F. 2d 631, 635. This statement epitomizes the theory of notice pleading, introduced by the Federal Rules. It cannot be said with certainty that the plaintiff would not be entitled to relief if he proved in support of his claim that the execution of the contract was authorized by and was in fact the act of the corporation as well as of its individual officers. Evidence to that effect would be entirely consistent with and would not contradict the document.

The contract nowhere says in so many words who the parties to it are. It is in form a communication from Phoenix to MacDonald and all other holders of Snead's stock and voting trust certificates and begins, without any preliminary recital of facts or parties, by Phoenix's offering to buy the stock. The officers and directors of Snead agree upon delivery of their stock to resign their positions with Snead. MacDonald agrees to relinquish certain claims against Snead. Then the agreement says that Snead will take steps to terminate receivership or bankruptcy proceedings begun against it, to cause to be mailed to each stockholder a statement of the situation and to make the contract available for inspection by the stockholders, also that Snead will not institute any suit, action or legal proceeding without the consent of Phoenix, that it will give full opportunity to counsel, auditors and authorized agents of Phoenix to examine its books and records, and to check inventories, etc. Beside these terms, which are in form direct promises by the corporation, there are a number of others which are undertaken by "the undersigned" but which would have to be performed by the corporation and could not be performed by anyone else. Among these are agreements to assign contracts and patents, to give the plaintiff an option to purchase Snead's vending machine business, etc.

The defendant contends that all these agreements amount to no more than an obligation of "the undersigned" to cause the corporation to perform the acts in question. The point is certainly an arguable one but on the other hand there is nothing in the contract which excludes the view that they were direct obligations intended to be assumed by the corporation as a party to the contract.

The motion to dismiss is denied.