**Alfred N. HOLMBERG et al.,
Plaintiffs,**

v.

**Robert E. WILLIAMSON, Jr., et al.,
Defendants.**

United States District Court
S. D. New York.
June 3, 1955.

---

Casey, Lane & Mittendorf, New York City, for plaintiffs.

Raymond L. Brittenham, New York City, Henry Lippitt, 2d, New York City, of counsel, for defendants.

DAWSON, District Judge.

This is an action purporting to be brought under Sections 12 and 17 of the Securities Act of 1933, 15 U.S.C.A. §§ 77a et seq., 77*l*, 77q, seeking damages for alleged fraud in the sale of securities.

Service of the summons was made upon the defendants Clyde H. O'Dell and Gerald L. O'Dell and upon Robert E. Williamson, Sr. and Mrs. Robert E. Williamson, Sr. outside New York and in the States where said defendants were inhabitants or were found. Such service of process was made in accordance with the provisions of Section 22(a) of the Securities Act of 1933, 15 U.S.C.A. § 77v. These are the defendants who have brought on the motions which are now before the Court.

The O'Dells move to dismiss the action as against them on the ground that this Court has no jurisdiction over them, and on the further ground that the complaint does not state facts sufficient to constitute a cause of action.

The Williamsons move (1) to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action; (2) to quash the return of service of summons on the ground that the Court has no jurisdiction over these defendants because the complaint does not allege that said defendants participated in the sales to plaintiffs, or offers of sales to plaintiffs, of the securities referred to in the complaint; and (3) for summary judgment.

The papers submitted on these motions graphically illustrate the unnecessary work to which attorneys can put themselves and the Court by failing to observe the elementary rules applicable to pleading, and also the specific rules of this Court relating to motions. In support of the motions to dismiss the complaint, defendants have submitted elaborate affidavits going into factual questions relating to the alleged cause of action, as though the Court could determine the case on affidavits on such a motion. It is elementary that on a motion to dismiss the complaint, the Court may consider nothing except the pleading.

Insofar as the motion for summary judgment by the Williamsons is concerned, these defendants apparently have overlooked the fact that under Rule 56(c), 28 U.S.C.A., the issue is whether "there is no genuine issue as to any material fact". The affidavits on their face show issues as to material facts. These defendants have not even urged, in their papers, that there is no genuine issue as to any material fact, but rather have sought to argue the facts by the affidavits submitted by them.

Furthermore, none of the parties has, with respect to the various motions (other than the motion for summary judgment), set forth the Rules under which the motions are made. This Court requires that motions shall state the Rules under which a motion is made; and a direction to that effect appears in the Law Journal. If counsel had set

forth the Rule under which the motion was made and carefully considered the provisions and limitations thereof, they could have saved themselves and the Court much work.

■ Insofar as the motion to dismiss the complaint is concerned, the Court will consider nothing but the complaint and will disregard the affidavits which have been filed. Insofar as the motions seek to attack the jurisdiction of this Court over these defendants, the Court must look to the allegations of the complaint rather than affidavits raising controverted issues of fact to determine whether the Court has jurisdiction under Section 22(a) of the Securities Act of 1933. To do otherwise would require the Court to determine one of the principal factual issues in the case upon affidavits.

We will now consider the sufficiency of the complaint. The complaint alleges that "in order to induce plaintiffs to enter into a program of purchasing oil leases and drilling oil wells", defendants made certain representations, alleged to be false, to the plaintiffs, and that in reliance thereon, certain payments were made by plaintiffs to defendants "in connection with a fractional undivided working interest in and to a certain oil lease". It is alleged that the plaintiffs, believing the representations to be true, "did invest their cash funds in the said oil program".

The Securities Act of 1933 relates only to the sale of "securities". Section 2 of the Act defines the word "securities" as meaning, among other things, a "fractional undivided interest in oil, gas, or other mineral rights".

Sections 12 and 17 of the Act provide for a cause of action against a person who "offers or sells a security by means of any untrue statement of a material fact".

In the present complaint, there are no clear allegations as to whether the complaint is referring to a sale of a "security", i. e., a "fractional undivided interest in oil, gas, or other mineral rights"; or whether it is referring to an investment in a joint enterprise where no sale is involved.

■ The complaint refers to the plaintiffs entering upon a "program of purchasing oil leases and drilling oil wells". While the complaint states that the oil program was in connection with a "fractional undivided working interest" in an oil lease, it does not say that the plaintiffs actually purchased any "fractional undivided interest". An investment in an enterprise might be a sale, but in certain situations, it is not necessarily the same as a sale; and the Securities Act of 1933 imposes liability only in the case of sales. For this reason, a complaint in an action of this nature where it is sought to serve process in far distant states must be specific in showing that the transaction was one covered by the Securities Act.

■ Furthermore, for a sale to exist, there must be a vendor and a vendee. The complaint does not allege who was the vendor to the plaintiffs of any "fractional undivided interest in oil, gas, or other mineral rights". Any person acquainted with the manner in which the oil and gas business is conducted realizes that there may be many persons who have an interest in the mineral rights on a lease. The sale of an undivided interest in those rights may be made by some or all of those who possess such rights.

■ To bring an action under Sections 12 or 17 of the Securities Act of 1933, it is necessary to state in the complaint specifically who is selling, or offering to sell, the security and what the specific security is, which is sold or offered for sale. If this were not done, persons who may have had an undivided interest in the mineral rights in the lease might be joined as parties in such an action, even though they did not offer or sell any part of their rights.

■ The motion to dismiss the complaint for failure to state a cause of action is granted with leave to the plaintiffs, within twenty days after the date

**496**

of this order, to file and serve an amended complaint. All other motions are denied. So ordered.