**R. L. E. COOK**

v.

**The KULJIAN CORPORATION,**
a corporation,
and
**Damodar Valley Corporation,**
a corporation.

Civ. A. No. 19029.

United States District Court
E. D. Pennsylvania.

Jan. 6, 1956.

William N. J. McGinniss, Philadelphia, Pa., for plaintiff.

Herbert A. Fogel and David F. Maxwell, Philadelphia, Pa., for Kuljian Corp.

KRAFT, District Judge.

Cook brought this suit against The Kuljian Corporation (Kuljian) and Damodar Valley Corporation (Damodar) for damages for breach of two contracts involving steel erection and boiler construction at Bokaro Thermal Plant, Bokaro, Bihar, India and for further damages resulting from certain alleged tortious acts of the defendants. The com-

834

plaint which is quite long and somewhat prolix embodies fifteen claims in separate counts. Kuljian filed a motion to dismiss the complaint, assigning as one reason that the complaint fails to state a claim against Kuljian upon which relief can be granted.

■ The first twelve counts of the complaint are founded solely upon the two written contracts pleaded. In these counts Cook asserts that Kuljian was the duly authorized agent of Damodar for the purpose, inter alia, of entering into the contracts with Cook. The contracts expressly provided that, in effecting the contracts, Kuljian "acts only as Agent for Damodar Valley Corporation, and assumes no direct financial responsibility." The contracts, to some degree, appear to be self-contradictory and ambiguous, but in their oral arguments and briefs counsel resolved any uncertainties by adoption of the position that Kuljian unquestionably was only Damodar's agent. The supplemental brief of Cook's counsel concedes that, in view of the language of the contract absolving Kuljian from direct financial responsibility thereunder, the demand upon the first twelve counts of the complaint should have been made only against Damodar. Under these circumstances any responsibility for the claims set forth in these counts must fall solely upon Damodar, the fully disclosed principal, and the first twelve counts, therefore, fail to state any claim against Kuljian upon which relief can be granted.

■■ Briefly, count 13 alleges that Kuljian, in violation of the duty owed Cook, arbitrarily and maliciously refused to approve Cook's vouchers as a result of which Damodar refused to pay the vouchers; further, that Kuljian maliciously caused to be entered against Cook's account certain back charges which Kuljian knew were not valid or proper. Count 14 avers that defendants "entered upon a course and concert of action" to defraud Cook by refusing to

negotiate, each defendant claiming that Cook should seek redress from the other. Count 15 avers that defendants knowingly and maliciously circulated false rumors that Cook was not the owner of a certain housing development in India as a result of which Cook lost its prospective sale.

Counts 13, 14 and 15, pleading claims sounding in tort, disregard the provisions of Rule 9(f) of the Federal Rules of Civil Procedure, 28 U.S.C.:

"Time and Place. For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

The complaint fails to include in these counts any allegation of the dates when or the places where the acts complained of occurred. Such allegations are material and necessary to these counts of the complaint. Pentz v. Downey, D.C., 110 F.Supp. 642.

■■ Any cause of action sounding in tort arises by force of the law of the jurisdiction in which occurred the conduct alleged to be tortious. If the locus of the conduct alleged is not pleaded the complaint fails to state a claim upon which relief can be granted, because it is impossible to determine whether the law of that place makes such conduct actionable.

In view of this disposition it is unnecessary at this time to pass upon the other reasons assigned in the motion to dismiss the complaint.

## Order

Now, January 6, 1956, it is ordered that the motion to dismiss of defendant, Kuljian, is granted as to counts 1 to 12, inclusive; and the motion is granted as to counts 13, 14 and 15 unless within 30 days from the filing of this order plaintiff shall amend his complaint to cure the defects therein consistently with the foregoing opinion.