Herman NEWBERG and Yetta Newberg on behalf of themselves and all other stockholders of American Dryer Corporation similarly situated who may be entitled to intervene herein

v.

AMERICAN DRYER CORPORATION, William F. Kane, Bernard F. Lieberman, Jacob J. Holtzman, Jason M. Keiner, Jacob Corson, Myron Freudberg, J. Myron Honigman, Mildred Honigman, Delaware Valley Financial Corporation, the Citizens & Southern Bank of Philadelphia, Robinson & Co., Inc., Frank Brodsky and Vivian Holden.

Civ. A. No. 28579.

United States District Court
E. D. Pennsylvania.

June 12, 1961.

Marvin Katz, Philadelphia, Pa., for plaintiffs.

Lester H. Novack & Everett B. Dennis, Philadelphia, Pa., for defendants American Dryer, Kane, Lieberman, Holtzman, Keiner and Corson.

Aaron M. Fine, Philadelphia, Pa., for defendants Delaware Valley, Myron Honigman and Mildred Honigman.

Henry J. Morgan, Philadelphia, Pa., for defendants Robinson & Co. and Frank Brodsky.

LORD, District Judge.

The defendants presently before the Court comprise all captioned defendants except Vivian Holden. As to the latter, there has been no entry of appearance nor, apparently, service of process.

The thirteen defendants who have made the various motions at hand consist of four groups to be described below.

Lucid exposition of the several motions of defendants requires a preliminary outline of plaintiffs' complaint. Filed September 16, 1960, this unverified complaint consists of 18 numbered paragraphs and a prayer for judgment, as follows:

"1. Herman Newberg and Yetta Newberg, plaintiffs, are shareholders of American Dryer Corporation, having purchased 50 shares of the capital stock of the corporation on or about November 13, 1959.

"2. This action arises under Section 22(a), Section 5, Section 12.

and Section 15 of the Securities Act of 1933, as amended, 15 U.S.C. 77 (a)–77(aa)."

In paragraphs 3 through 12, ten of the defendants are briefly identified as follows (for this purpose, corporations described in the complaint as "organized under the laws of the Commonwealth of Pennsylvania" are here called simply "Pennsylvania corporations"):

American Dryer Corporation is a Pennsylvania corporation; William F. Kane is its president and is a controlling stockholder; Jacob Corson is sales manager; and Vivian Holden is a major stockholder.

Delaware Valley Financial Corporation is a Pennsylvania corporation, and J. Myron Honigman is its president.

Citizens & Southern Bank is a Pennsylvania state banking corporation, and Myron Freudberg is president.

Robinson & Co., Inc. is a Pennsylvania corporation engaged in business as a security broker and dealer, and Frank Brodsky is employed by it as a salesman.

Further (the complaint continues):

"13. The other defendants are officers, directors or persons in control of American Dryer Corporation, or persons who are nominees of or under control of the defendants specified in paragraphs 3 to 10 hereof.

"14. From and after May 18, 1959, the defendants, directly and indirectly, individually, through controlled persons and in concert as members of a conspiracy, sold securities, namely, shares of common stock 50¢ par value of American Dryer Corporation, a Pennsylvania corporation, by using the United States mails and means or instruments of transportation or communication in interstate commerce.

"15. No registration statement with respect to such securities has been filed or is in effect with the Securities and Exchange Commission.

"16. Plaintiffs and other stockholders of American Dryer Corporation similarly situated have purchased from the defendants, acting as specified in paragraph 14 hereof, the aforesaid unregistered securities of American Dryer Corporation.

"17. Plaintiffs have made tender and by this action make tender of their securities to defendants.

"18. Defendants' actions as aforesaid violated (a) Sections 5(a), 12 and 15 of the Securities Act of 1933, as amended, and (b) Rule X–10–B5 under the Securities Exchange Act of 1934, as amended.

"Wherefore, plaintiffs pray that the Court enter a judgment against the defendants in favor of the plaintiffs and all other stockholders similarly situated for the consideration which each paid for such securities with interest thereon less the amount of any income received thereon upon the renewed tender of such securities, or for damages to such plaintiffs who no longer own the securities."

The defendants have aligned themselves in four groups, each of which has filed at least one motion attacking the foregoing complaint or asking judgment. Those motions will be taken up in order by groups.

### Group I Motions.

These six parties comprise the defendant American Dryer Corporation and the following who are said to be persons in control: William F. Kane, Bernard F. Lieberman, Jacob J. Holtzman, Jason M. Keiner and Jacob Corson.

Group I did not answer the complaint, but has before the court its two-part motion which, as will be seen below, must be treated as two separate motions under the applicable Federal Rules of Civil Procedure, 28 U.S.C.: Rule 12(b) as amended, and Rule 56(b).

### First Motion of Group I.

■ This motion to dismiss the complaint asserts that "The complaint fails to set forth a material issue of fact" in certain particulars. Those circumstances, however, go far beyond the pleadings, and necessarily bring into play the provisions of the last sentence of Rule 12(b) Fed.R.Civ.P. which was added by the amendment of 1946:

" * * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given opportunity to present all material made pertinent to such motion by Rule 56." 6 Moore's Federal Practice § 56.02[3], p. 2014 (2d ed. 1953).

Since all parties have had opportunities to present pertinent materials, the question of whether a genuine issue as to any material fact remains is ripe for disposition.

The Group I defendants' first motion points out that although the complaint purports to be a class action, it is neither a derivative nor a "true" class action by stockholders of the said corporation, and therefore can seek a remedy only for the Newbergs individually and other similarly situated stockholders who may actually intervene.

■ So far, defendants' position seems correct. It is amply clear to this Court that the present action purports to be a spurious class suit under the provisions of Rule 23(a) (3), Fed.R.Civ. P., and affects only such parties as in fact intervene. York v. Guaranty Trust Co., 2 Cir., 1944, 143 F.2d 503; Weeks v. Bareco Oil Co., 7 Cir., 1941, 125 F.2d 84. It is also a fact that to date no additional parties plaintiff have intervened under the permissive joinder provisions of Rule 23(a) (3).

These defendants, however, carry the proposition considerably beyond that point when they assert:

"(c) No other stockholders have intervened or attempted to intervene in the action, and in fact such intervention is now barred by operation of Section 9 of a certain Decree issued November 1, 1960 by the Court of Common Pleas No. 5 of Philadelphia County in an action entitled William Brody vs. American Dryer Corporation, et al., as of December Term, 1959, No. 3262, therefore the action remains an individual claim by the Newbergs. The said Section 9 provides, in reference to the instant action:

" 'That any stockholders or persons who were not, as of September 26, 1960, specifically named as parties plaintiff in the said actions shall be barred from bringing and/or joining in any actions.' "

We have chosen not to make a point of the very serious question of whether a statutory action in a Court of the United States could be affected in the asserted fashion by a state court decree. Instead, the exhibited copy of the Decree in the aforesaid cause No. 3262 in Common Pleas No. 5 has been carefully examined. It has been found that by its own terms it is clearly the result of stipulation between the parties to a stockholders' derivative action. The purpose of the action was to require certain officers of the defendant corporation to return numerous shares of its stock to its treasury. There further appears the purpose of protecting the stockholders against recurrence of manipulations for private gain by the controlling officers.

■ That consent decree in the stockholders' suit has no bearing on the present action. It could not have been intended to prevent joinder of additional parties plaintiff in the present and unrelated statutory action. Nor could it prevent other stockholders; not parties in that suit—for that matter—from bring-

ing any such unrelated statutory action or actions.

■ These defendants argue that time has or will have run out on the possible claims of other potential plaintiffs. It has often been held, however, that the bringing of a spurious class action tolls the statute of limitations while other potential plaintiffs decide whether or not to join in the action. Mutation Mink Breeders Ass'n v. Lou Nierenberg Corp., D.C.S.D.N.Y.1959, 23 F.R.D. 155; York v. Guaranty Trust Co., 2 Cir., 1944, 143 F.2d 503; 3 Moore's Federal Practice ¶23.12, p. 3476 (2d ed. 1948).

Therefore there is no certainty, as a matter of law or of fact, that no others may intervene as parties plaintiff in this action.

On a further ground, however, these defendants say that the present action must fail, leaving nothing to support joinder by other parties, since:

"(d) On September 28, 1960, the within named defendants tendered in writing to the Newbergs the full recovery demanded in their complaint upon condition that the action be appropriately dismissed. A true copy of said tender is attached hereto and marked Exhibit 'A'.

"(e) The said tender was refused by letter of Plaintiff's counsel dated September 30, 1960, a copy of which is attached hereto and marked Exhibit 'B'."

Plaintiffs do not deny the authenticity of the exhibits, but characterize them as a partial tender. They cite, seemingly by analogy, numerous cases—such as those heretofore cited—to the effect that the filing of a spurious class action tolls the statute of limitations for the other members of that class. In one such case it was said:

"* * * Any non-accepting noteholders, relying on that assurance, were justified in believing that plaintiff's suit was begun on their behalf although they were not before the court. To hold that such noteholders cannot, as to lapse of time, have the benefit, by intervention, of the institution of the suit by plaintiff would be to convert the Rule into a trap * * *." York v. Guaranty Trust Co., 2 Cir., 1944, 143 F.2d 503, 529.

No direct authority on the point of the effect of a tender by defendants in the particular situation at hand has been shown. For the general statement that the only effect of the tender is to relieve the debtor from paying interest on that particular claim after the date of tender, a railroad bond case is cited. Coghlan v. South Carolina R. Co., C.C. S.C.1887, 32 F. 316, affirmed 1891, 142 U.S. 101, 12 S.Ct. 150, 35 L.Ed. 951.

■ Despite lack of direct and compelling authority, it appears at this stage of the litigation that there is merit, as a matter of law, to the statute of limitations analogy (as applied to other members of the class); and that a tender by defendants should not be permitted to cut the ground—so to speak—from the others who might choose to join the action under the Securities Act. That question of law is not reached here, however, unless there is no genuine issue as to the material fact of the tender. To the contrary, it appears from the exhibits themselves, and the language quoted in defendants' motion, that the tender of defendants to the Newbergs was conditional and qualified. Whether it was in fact a tender responsive to the plaintiffs' prayer for relief, and effective for the asserted purpose, is an issue to be decided at trial and not upon the present motion directed to the complaint.

### Second Motion of Group I.

The second part of this motion is directed solely to alleged inadequacy of the complaint, without reference to matters beyond the pleadings. It asserts failure to state a claim upon which relief can be granted under Rule 12(b), Fed.R.Civ.P. The four grounds of this motion will be stated in turn as each

is discussed below. Since plaintiffs' complaint invokes the benefit of the special statutory action provided by the Securities Act, it is prerequisite to set out the sections of the acts under which the plaintiffs claim. It is noted parenthetically that Rule X–10–B5 of the Securities Exchange Act of 1934, mentioned in the complaint, has not been submitted, briefed, or argued—and is therefore not considered here.

The Securities Act Sections 5(a), 12 and 15 are:

Securities Act of 1933

[Title 15 U.S.C.A. § 77e. "Prohibitions relating to interstate commerce and the mails] (Section 5, Securities Act)

"(a) Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly—

"(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

"(2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale. * * *"

[May 27, 1933, c. 38, Title I, § 5, 48 Stat. 77 as amended by act of 1934 and 1954]

[Title 15 U.S.C.A. § 77l. "Civil liabilities arising in connection with prospectuses and communications] (Section 12, Securities Act)

"Any person who—

"(1) offers or sells a security in violation of section 77e [§ 5] of this title, or

"(2) offers or sells a security (whether or not exempted by the provisions of section 77c of this title, other than paragraph (2) of subsection (a) of section 77c of this title), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission,

"shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security."

[May 27, 1933, c. 38, Title I, § 12, 48 Stat. 84 as amended by act of 1954]

[Title 15 U.S.C.A. § 77o. "Liability of controlling persons] (Section 15, Securities Act)

"Every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency or otherwise, controls any person liable under sections 77k or 77l of this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the lia-

bility of the controlled person is alleged to exist. May 27, 1933, c. 38, Title I, § 15, 48 Stat. 84; June 6, 1934, c. 404, § 208, 48 Stat. 908."

### (a) First Ground [2nd Motion of Group I, cont.]:

"It appears on the face of the complaint that the action is barred by the provisions of Section 13, (Limitation of Actions) of the Securities Act of 1933, as amended, 15 U.S.C.A. [§] 77m, in that it fails to state affirmatively that the alleged violation upon which the action is based occurred not more than one year prior to the commencement of the action."

The Securities Act, Section 13, provides the following provision as to Limitation of Actions, Title 15 U.S.C.A. § 77m:

"No action shall be maintained to enforce any liability created under section 77k or section 77l(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77l(1) of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 77k or section 77l(1) of this title more than three years after the security was bona fide offered to the public, or under section 77l(2) of this title more than three years after the sale. May 27, 1933, c. 38, Title I, § 13, 48 Stat. 84; June 6, 1934, c. 404, § 207, 48 Stat. 908."

The complaint in question, which was filed on September 16, 1960 (and served on these defendants December 7, 1960) alleges in paragraphs 14 and 15 that defendants commenced selling the stock, without proper registration, on May 18, 1959. In paragraph 1 the complaint states that the plaintiffs purchased their shares of the American Dryer stock on November 13, 1959.

There are two points to this ground. The first point is the suggestion that—since service of the summons and complaint was not made and/or accepted until December 7, 1960—the one-year statute of limitations bars the action since more than a year had then elapsed since plaintiffs purchased the stock on November 13, 1959.

Because other groups of defendants press this point rather strongly, it will be given consideration here on the arguments presented by all.

There are occasional cases, it is true, which have held that the action is commenced only when summons and complaint are *served*, where plaintiff has not been diligent in procuring service of process. Such a case is Hukill v. Pacific and Arctic Railway & Navigation Co., D.C.Alaska 1958, 159 F.Supp. 571, 17 Alaska 498. There the date of service, as opposed to the date of filing of the complaint, was held applicable for the purpose of the statute of limitations. That holding, however, was the result of the court's finding—after examination of detailed affidavits submitted by both parties—that the delay of one year in obtaining service was attributable to plaintiff's inexcusable lack of diligence.

The general rule, of course, is stated in the plain words of Rule 3, Fed. R.Civ.P. that a civil action is commenced by filing a complaint with the court. When a federal matter or cause of action is involved, the cases have uniformly held that an action is deemed commenced at the time the complaint is filed. 2 Moore's Federal Practice, p. 783, ¶3.07, [4.-3-2] (2d ed. 1960).

This Court finds that there has been no showing here to take the case out of the general rule, and this action is deemed to have been commenced on the date when the complaint was filed, September 16, 1960.

Defendants' second and main point under this heading, however, is that the

complaint is fatally defective for lack of averment that "the alleged violation \* \* \* occurred not more than one year prior \* \* \*" In terms of this case and the ruling heretofore made, this ground advanced for dismissal is that plaintiffs have not averred that the *violation* did not occur prior to September 16, 1959.

It is apparent that plaintiffs' purchase on November 13, 1959 was made within one year of commencement of the action; it is equally apparent from the complaint that the inception of defendants' alleged course of dealing in unregistered stock, on May 18, 1959, is beyond the limitation period.

The statutory provisions listed by the plaintiffs cover several different situations: offering and selling unregistered securities; offering and selling securities by means of incomplete or misleading representations (all in interstate commerce) and the like. As to the offering and sale of unregistered stock, the only violation as to which any fact has been pleaded, the applicable limitation is one year from the violation (§ 77*l*(1)). As to the misrepresentations branch, however, the limitation period commences when the untruth or omission is or should have been discovered (§ 77*l*(2)). 15 U.S.C.A. § 77m.

■ The cases deciding the necessity of pleading compliance with this section 13, the limitations provision of the Act (15 U.S.C.A. § 77m) have arisen from a variety of situations, none of which is identical with that at hand. All, however, have held compliance with the limitations section an essential ingredient of a private action which must be affirmatively asserted. Premier Industries, Inc. v. Delaware Valley Financial Corporation, D.C.E.D.Pa.1960, 185 F. Supp. 694; Osborne v. Mallory, D.C.S. D.N.Y.1949, 86 F.Supp. 869; Fischman v. Raytheon Mfg. Co., D.C.S.D.N.Y. 1949, 9 F.R.D. 707, reversed on other grounds 2 Cir., 1951, 188 F.2d 783; Shonts v. Hirliman, D.C.S.D.Cal.1939, 28 F.Supp. 478.

■ For the foregoing reason, the plaintiffs must suffer dismissal of their action, or amend their complaint within 30 days of the filing of this order to show compliance with 15 U.S.C.A. § 77m.

### (b) Second Ground [2nd Motion of Group I, cont.]

"The complaint fails to allege that the said defendants had made any untrue statement, representation or omission of a material fact and that plaintiffs had been misled or had relied thereon."

■ The short answer to this objection is that such allegations are not required. Section 77e makes the offering or transporting of unregistered securities unlawful, and the allegations which defendants suggest as requisites would, under the act and its interpretations, have been superfluous. Osborne v. Mallory, D.C.S.D.N.Y.1949, 86 F.Supp. 869, 873; Securities and Exchange Commission v. Searchlight Consol. Mining & Milling Co., D.C.D.Nev. 1953, 112 F.Supp. 726, 728.

### (c) Third Ground [2nd Motion of Group I, cont.]

"The complaint fails to allege that any causal connection existed between the damages claimed by plaintiffs and the alleged violative acts of said defendants."

■ At the outset, it may be said that the statutes under which this action is brought by their very words provide the absolute remedy of restitution, without requirement of allegations such as those stated in this last objection. The cases cited above, at the conclusion of discussion of subdivision (b) supra, are broad enough to cover this point. However, if defendants require more information in order to prepare themselves for trial, the discovery processes are the proper means to acquire it. Reese v. Pennsylvania R. R., D.C.W.D.Pa. 1953, 14 F.R.D. 153, 155.

**(d) Fourth Ground [2nd Motion of Group I, cont.]**

"The complaint fails to allege the names of the individual or individuals from whom they purchased the said securities, or if named has failed to allege that such individuals were controlled persons within the meaning of Section 15 of the Securities Act of 1933, 15 U.S.C.A. § 77*o*."

 This ground is rejected since the statutes in question, as interpreted under the Federal Rules of Civil Procedure, do not require such particularity in pleading. Stadia Oil & Uranium Co. v. Wheelis, 10 Cir., 1957, 251 F.2d 269; Whittaker v. Wall, 8 Cir., 1955, 226 F.2d 868; Schillner v. H. Vaughan Clarke & Co., 2 Cir., 1943, 134 F.2d 875.

The Order at the end of this Opinion will summarize the results of the foregoing rulings.

### Group II Motions.

This group of three defendants consists of Delaware Valley Financial Corporation; J. Myron Honigman; and Mildred Honigman. The complaint identifies J. Myron Honigman as president of the Delaware Valley Financial Corporation. Defendant Mildred Honigman, who is not specifically identified in the complaint, is taken to be one of the defendants categorized in paragraph 13 of the complaint as one of the persons in control of American Dryer Corporation or a nominee of, or a person controlled by, one of the other defendants who are more particularly identified.

These defendants have not answered, but have filed two motions under various provisions of Rule 12, Fed.R.Civ.P. as discussed separately below.

**A. Motion to Dismiss under Rule 12(b).**

"1. The complaint fails to state a claim against these defendants on which relief can be granted in that it fails to allege that plaintiffs purchased any specific securities from these defendants or what securities plaintiffs purchased from these defendants * * *."

As will be seen in due course in connection with the answer of defendants Robinson & Co., Inc. and Frank Brodsky (Group IV) and their uncontradicted affidavit accompanying motion under Rule 56 Fed.R.Civ.P., the November 13, 1959 purchase of 50 shares of American Dryer stock from or through the defendant brokers is not denied.

Defendants insist that if the plaintiffs rely on a sale by these particular defendants, they must allege when *these* defendants made the sale, or who *was* the vendor. Cook v. Kuljian Corp., D.C.E.D.Pa. 1956, 137 F.Supp. 833, 834; Holmberg v. Williamson, D.C.S.D.N.Y.1955, 135 F. Supp. 493, 495.

Those cases, on their particular facts, seem eminently sound to this Court—but in no way helpful as to the instant problem. In the Cook case, where a tort committed at an unspecified time and place was claimed, Judge Kraft pointed out that in the absence of those facts, it was impossible to determine whether the act was tortious under the law of the jurisdiction in which it had occurred. The complaint was therefore dismissed subject to amendment within 30 days to cure the defects. Cook v. Kuljian Corp., D.C. E.D.Pa.1956, 137 F.Supp. 833, 834. The Holmberg case was a claim under certain sections of the Securities Act of 1933. The dismissal, with leave to amend, was primarily necessitated by the subject matter, "fractional undivided interest(s) in oil, gas, and mineral rights." Reference to the opinion at page 495 discloses that the practice of the oil and gas business with reference to sales of such interests was a major and determining factor in the result. Holmberg v. Williamson, D.C.S.D.N.Y.1955, 135 F.Supp. 493, 495.

 The principle here applicable, to the contrary, appears to this Court to be that which has so many times been applied in this district and circuit:

"* * * there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would not be entitled to

relief under any state of facts which could be proved in support of the claim. * * *" Continental Collieries v. Shober, 3 Cir., 1942, 130 F.2d 631, 635.

Quoting the foregoing, Judge Kirkpatrick in 1948 wrote that "This statement epitomizes the theory of notice pleading, introduced by the Federal Rules." MacDonald v. Winfield Corporation, D.C.E.D.Pa.1948, 82 F.Supp. 929, 930. Any number of statements to the same effect can be found in the cases collected in 2 Moore's Federal Practice ¶ 12.08, esp. 1960 Supplement pages 188 ff.

■ Plaintiffs have alleged that these defendants are controlling or controlled persons in connection with the sale of unregistered stock of American Dryer Corporation. These allegations are sufficient to state a claim under Section 77l. Zachman v. Erwin, D.C.S.D. Tex.1959, 186 F.Supp. 681, 685. In another Securities Act case it was said:

"Defendant Rankin contends that he is not liable to the plaintiffs because he did not participate in the stock sales to them. Plaintiffs concede that Rankin's liability arises only by reason of the so-called 'control' provisions of the Act. The statute does not define the terms 'controls', 'controlled', or 'controlling'. These terms should be given a broad definition to permit the applicable provisions of the Act to become effective wherever the fact of control actually exists. This fact is one for determination by the jury * * *" Stadia Oil & Uranium Co. v. Wheelis, 10 Cir., 1957, 251 F.2d 269, 275.

For the foregoing reasons, this part of the motion will be denied.

[Group II, Motion A cont., point 2] "2. The complaint * * * fails to allege the date of the violation * * *"

The earlier discussion (1st ground of Group I's 2nd Motion) resolved that point against plaintiffs. The same ruling is applicable to this group of defendants; see Order at end of this Opinion.

[Group II, Motion A cont., point 3] "3. The complaint is in the form of a class action and fails to comply with the essential requirements of Rule 23 of the Federal Rules of Civil Procedure * * *"

The class suit aspect of this case has been discussed at some length, although from a different aspect, earlier in this Opinion under the First Motion of Group I. It is taken as conceded, at the present stage, that the action purports to be a spurious class suit under Rule 23(a) (3), Fed.R.Civ.P.

No other parties have sought to intervene—as heretofore discussed—and this ground, and a similar ground, numbered (4), of these defendants, will be overruled without further discussion, since the problem is, in a sense, a moot one.

B. Motion for More Definite Statement Under Rule 12(e).

This motion consists of three grounds, numbered 5 to 7 to the effect that the complaint is too vague and ambiguous, and covers reasons already advanced by Group II defendants heretofore discussed under their motion under Rule 12(b).

The motion will be denied. If the defendants need further information to prepare their defense, it should be secured under the discovery procedure as provided by the Federal Rules of Civil Procedure. Reese v. Pennsylvania R. R., D.C.W.D.Pa.1953, 14 F.R.D. 153, 155; Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 1939, 103 F.2d 843.

Group III Motions.

The two parties in this group are the Citizens & Southern Bank, and Myron Freudberg, described in the complaint as the president thereof.

These defendants have filed an answer which, in essence, disclaims knowledge of or denies every allegation of the complaint. They admit only that the bank is a Pennsylvania state banking corporation, and that Myron Freudberg is its

president. Specific denials of participation in the alleged conspiracy; use of the mails; that plaintiffs purchased any American Dryer stock from them; that plaintiffs made any tender; and that these defendants in any way violated the Securities or Securities & Exchange Act are alleged.

As Second Defense they say:

"Section 12 of the Securities Act of 1933 is the Section which provides civil liabilities for violations of the Act. This Section provides for liability if [sic] any person who 'offers or sells a security', in violation of the Act. It is denied that the defendants were persons who 'offered' or 'sold' any stock in American Dryer Corporation."

As Third Defense they request judgment against plaintiffs and on behalf of these two defendants, saying "Under all the facts in law defendants are entitled to judgment."

For the sake of raising for consideration, insofar as possible, all contentions presented by the various defendants, the foregoing request for judgment, as stated in the Third Defense quoted above, is for the present treated as a Motion for Judgment on the Pleadings under Rule 12(c), Fed.R.Civ.P.

The Group III defendants have not briefed or argued this point, and it will be assumed that the motion is being reserved—as indeed it must under the applicable Rules 12(c) and 7(a)—until the pleadings are closed

### Group IV Motion.

This last group consists of the security brokerage firm Robinson & Co., Inc. (par. 11 of complaint) and Frank Brodsky, employed as its salesman (par. 12). These defendants filed an answer consisting of four defenses. The first three duplicate matters raised by other defendants and, for reasons to appear, are deemed unnecessary to the following discussion. Their fourth defense consists of denials or disclaimers of knowledge as to all parts of the complaint except paragraphs 11 and 12, which identify these party defendants, and the following qualified admissions:

"1. Defendants admit that plaintiffs purchased fifty shares of American Dryer Corporation on or about November 13, 1959, from New York Hanseatic Co., through Robinson & Co., Inc. acting as broker for the purchasers * * * "

"17. Admitted that on or about February 18, 1960, plaintiff Herman Newberg, through a representative, requested a rescission of the purchase of fifty shares of American Dryer Corporation. Denied that any tender or request of rescission has ever been made on behalf of Yetta Newberg. Denied that Defendants, Robinson & Co., Inc. and Frank Brodsky, have any duty to rescind, inasmuch as said defendants have never sold shares of American Dryer Corporation to plaintiffs."

Thereafter these defendants filed their Motion for Summary Judgment pursuant to Rule 56, Fed.R.Civ.P. based on the plaintiffs' complaint, the answer of these defendants heretofore described, and the affidavit of Frank Brodsky attached to said motion, which is as follows:

"Frank Brodsky, being duly sworn according to law, deposes and says that he is a Registered Representative employed by Robinson & Co., Inc., and is a Vice President of Robinson & Co., Inc.

"Your deponent avers that on or about November 13, 1959 he purchased, as agent for plaintiffs, fifty shares of American Dryer Corporation common stock from New York Hanseatic Co., a reputable Trading House, in the over-the-counter market. The total purchase price was $475 plus a commission of $9.75 to Robinson & Co., Inc., and a charge of $.25 for postage and insurance. In the transaction, Robinson & Co.,

Inc. acted as broker on behalf of the buyer. It did not sell the stock to plaintiffs, or act as broker for the seller.

"Robinson & Co., Inc. has had no other transactions with the plaintiffs involving American Dryer Corporation stock. Robinson & Co., Inc. has had no relationship whatever with American Dryer Corporation, its officers, directors or employees, or with any of the other defendants named in the Complaint, regarding American Dryer Corporation stock. The purchase of fifty shares of American Dryer Corporation stock by plaintiffs through Robinson & Co., Inc. was in the normal course of business of Robinson & Co., Inc. acting as broker for the buyer, and had nothing to do with any of the other defendants named in the Complaint.

"Attached as an exhibit hereto is a photocopy of the confirmation of the transaction wherein Robinson & Co., Inc. acted as broker for the plaintiffs in connection with the aforesaid purchase of fifty shares of American Dryer Corporation stock.

"/s/Frank Brodsky"

The photocopy of the confirmation of the transaction clearly states: "B—as your Broker (agent) and in compliance with your instructions, we have this day Bought for your account and risk."

Plaintiffs have made no attempt to controvert the foregoing motion and affidavit except, in brief and argument, to assert that all persons having anything to do with the sale of the unregistered securities are within the scope of the act.

■ This Court finds, however, that there is no genuine issue as to any material fact concerning these defendants, and that—since there is no showing that these defendants participated in the sale in question—they are entitled to summary judgment as a matter of law.