Clarence W. BAILEY et al., Plaintiffs,

v.

HUNTINGTON SECURITIES CO., Inc., et al., Defendants.

Milton BRUCKER et al., Plaintiffs,

v.

HUNTINGTON SECURITIES CO., Inc., Defendants.

United States District Court
S. D. New York.

Aug. 27, 1963.

Aranow, Brodsky, Bohlinger, Einhorn & Dann, New York City, for plaintiffs.

Bachner, Tally & Mantell, New York City, for defendants Bernard Caplan and Albert Weiner.

Mermelstein, Burns, Lesser & Goldman, New York City, for defendants Sidney Stein, Leo Davis and Lester Lasky.

Daniel Glass, New York City for defendants and third-party plaintiffs, Huntington Securities Co., Inc., J. George Grandwetter, Ben Stein, Sidney G. Sparrow and Jonas Glass.

CROAKE, District Judge.

In the instant motions, certain of the defendants seek an order pursuant to Federal Rules of Civil Procedure 12(b) or 56 [1] dismissing the complaints against them on the ground that the complaints fail to state a claim upon which relief can be granted, or granting summary judgment thereon, or, in the alternative, for an order pursuant to Rules 10(b) and 12(e) [2] requiring a more definite and specific statement of the claims.

Plaintiffs have alleged that they were the victims of a conspiracy among the defendants to sell securities of the Equity Investment Corporation in violation of Sections 5, 12 and 17 of the Securities Act of 1933 (15 U.S.C. §§ 77e, 77l, and 77q); [3] Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.

---

1. Rule 12(b) permits, *inter alia*, a motion to dismiss the complaint for "failure to state a claim upon which relief can be granted."

   Rule 56(b) provides that: "A party against whom a claim * * * is asserted * * * may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

2. Rule 10(b) provides that: "All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; * * *. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth."

   Rule 12(e) states that: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before inter-

posing his responsive pleading. The motion shall point out the defects complained of and the details desired. * * *"

3. 15 U.S.C. § 77e provides that:

   "(a) Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly—

   "(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

   "(2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale.

   "(b) It shall be unlawful for any person, directly or indirectly—

   "(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to carry or transmit any prospectus relating to any security with respect to which a registration statement has

C. § 78j),[4] and Rule X–10B–5[5] promulgated thereunder.

been filed under this subchapter, unless such prospectus meets the requirements of section 77j of this title; or

"(2) to carry or cause to be carried through the mails or in interstate commerce any such security for the purpose of sale or for delivery after sale, unless accompanied or preceded by a prospectus that meets the requirements of subsection (a) of section 77j of this title.

"(c) It shall be unlawful for any person, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under section 77h of this title."

15 U.S.C. § 77l provides that:

"Any person who—

"(1) offers or sells a security in violation of section 77e of this title, or

"(2) offers or sells a security (whether or not exempted by the provisions of section 77c of this title, other than paragraph (2) of subsection (a) of said section), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission,

shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security."

Defendants Huntington Securities Company, Inc., Grandwetter, Glass, Spar-

15 U.S.C. § 77q provides that:

"(a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—

"(1) to employ any device, scheme, or artifice to defraud, or

"(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

"(b) It shall be unlawful for any person, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

"(c) The exemptions provided in section 77c of this title shall not apply to the provisions of this section."

4. 15 U.S.C. § 78j(b) provides that:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

\* \* \* \* \*

"(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

5. Rule X–10B–5 provides that:

"It shall be unlawful for any person, directly or indirectly, by the use of any

row, Ben Stein, Sidney Stein, and Davis have brought the instant motions.[6] Apparently pursuant to stipulation, these defendants have not yet answered the complaints. Other defendants, not parties to these motions, have answered the complaints.

Plaintiffs allege that all of the individual moving defendants, except Ben Stein, "acting in concert," caused Equity to be formed and to issue its securities to the public, without registering these securities as required by the Securities Act of 1933, and without disclosing to prospective purchasers all material facts concerning the securities and Equity. Ben Stein is alleged to have been an officer, director, the principal stockholder, and in control of Huntington, the underwriter through which stock was sold to the public, including the plaintiffs. Each of the individual moving defendants is claimed to have been a controlling person of Equity or of Huntington. It is also alleged that all the individual moving defendants, "directly or indirectly," purchased stock from Equity and resold it to the public, including the plaintiffs, without complying with the registration requirements of the Securities Act of 1933, by means of knowingly false and fraudulent statements, and through manipulative and fraudulent devices. Huntington is claimed to have knowingly participated in the unlawful distribution, and to have employed unlawful devices in the sale of the securities of Equity to the public, including the plaintiffs.

The movants may be divided into three groups for the purpose of the instant motions: (1) Ben Stein, alleged to have been in control of the Huntington Securities Company; (2) the remaining individual movants, claimed to have been in control of Equity; and (3) Huntington Securities Company, the underwriter.

Plaintiffs base the allegations of liability of each of the individual movants upon: (1) their alleged positions in control of the issuer "and or" underwriter, rendering them accountable to the plaintiffs by virtue of Section 15 of the Securities Act of 1933 (15 U.S.C. § 77o),[7] and Section 20 of the Securities Exchange Act of 1934 (15 U.S.C. § 78t);[8] or (2) the alleged fact of primary wrong-

means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

"(1) to employ any device, scheme, or artifice to defraud,

"(2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."

6. Two separate but identical motions were brought. They shall be determined together.

7. 15 U.S.C. § 77o provides that:
"Every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controls any person liable under sections 77k or 77l of this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist."

8. 15 U.S.C. § 78t provides that:
"(a) Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

"(b) It shall be unlawful for any person, directly or indirectly, to do any act or thing which it would be unlawful for

doing, to the extent that each either actively participated in fraudulent conduct, or sold shares which he owned or in which he had an interest to the plaintiffs, in violation of the registration requirements and "anti-fraud provisions" of the 1933 and 1934 Acts and Rule X–10B–5; or (3) the alleged fact of wrongdoing by virtue of having acted in concert with and knowingly aiding and abetting other individual wrongdoers.

The liability of Huntington is predicated upon: (1) its alleged primary wrongdoing in that it sold Equity stock to the plaintiffs in violation of the registration requirements and "anti-fraud provisions" of the 1933 and 1934 Acts and Rule X–10B–5; and (2) its alleged knowing participation, as a controlled person, in the conspiracy.

The relief sought is rescission, to the extent that plaintiffs purchased shares from any of the defendants; and damages, to the extent that plaintiffs purchased from others in reliance upon the unlawful actions of the defendants.

In the instant motions, movants seek dismissal of, or summary judgment as to the complaint under the 1933 Act, on the ground that the complaints do not state, with sufficient specificity to meet the requirements of Sections 12[9] and 17, that the respective plaintiffs purchased any of the shares from the defendants, or, if they did, which shares were purchased from which defendants. Dismissal of, or summary judgment as to the complaints under the 1934 Act is sought on the ground that the plaintiffs fail to allege facts showing which stock, if any, was purchased by them from the defendants.

The alternative relief sought is an order, pursuant to Federal Rules of Civil Procedure 10(b) and 12(e), requiring the plaintiffs to: (1) state each particular claim in separate counts; (2) state in separate counts the particular section and subsection of the statutes under which each plaintiff is asserting a claim against each defendant; and (3) specify the particular defendant from whom each plaintiff made the purchases of stock noted in Exhibit "A" annexed to the complaints.

Plaintiffs make five contentions in opposition to the motions. The first is that the motion of Huntington Securities Company to dismiss or grant summary judgment should be denied because Huntington has not submitted an affidavit controverting the allegations of the complaint that it sold securities directly to the plaintiffs.

Secondly, plaintiffs assert that privity of contract is not required for liability under either Act with respect to a defendant who is a controlling person, by virtue of Section 15 of the 1933 Act and Section 20 of the 1934 Act.[10] In so arguing, plaintiffs point out that the individual moving defendants do not deny, in their affidavits, the sales by Equity and Huntington, and the positions of control of the individual moving defendants in Equity and Huntington.

The third contention of the plaintiffs is that even if privity of contract were a requirement for liability, they could not at this juncture, "identify with certainty which of the shares they purchased were actually sold to them by the individual defendants, either directly or through brokers and agents acting on their behalf." In so contending, plaintiffs claim that the moving affidavits are insufficient to warrant dismissal because they omit any reference to sales to plaintiffs by

---

such person to do under the provisions of this chapter or any rule or regulation thereunder through or by means of any other person.

"* * * *"

9. Section 5 of the 1933 Act does not itself impose civil liability upon a violator thereof. Civil liability is imposed upon a violator of Section 5 by Section 12(1).

10. The court notes the striking failure of the movants to make any reference to the "controlling persons" sections of the 1933 and 1934 Acts.

the individual movants as agents, or to sale by others of shares in which the individual moving defendants had some beneficial interest.

The fourth argument of the plaintiffs is that they should not be required to allege from which defendants each of the plaintiffs made each purchase for the reason that privity of contract is not necessary to a statement of a claim upon which relief can be granted.

The final contention of the plaintiffs is that since the action arises out of a conspiracy among the defendants, and "the complaint sufficiently apprises [the] defendants of the nature of the claims asserted [,] * * * a separate count as to each defendant as to the section and subdivision of the statutes under which each is claimed to be liable would be superfluous."

■ The motion of Huntington Securities Company to dismiss the complaints against it under Sections 12 and 17 of the 1933 Act, Section 10(b) of the 1934 Act and Rule X–10B–5, or grant summary judgment thereon, must be denied. Huntington has not disputed the allegations that it sold stock to the plaintiffs and participated in fraudulent activities to effect the sales.

■ The allegations of the complaint that each of the individual moving defendants was a person in control of Equity or Huntington are not contradicted. Section 15 of the 1933 Act imposes joint and several liability upon:

"Every person who * * * controls any person liable under section 11 or 12 * * *."

Huntington, the underwriter, who is alleged to have sold securities to the plaintiffs and to have participated in the unlawful activities would be a "person liable" under Section 12 of the 1933 Act. Defendant Ben Stein, alleged to have been in control of Huntington, therefore, cannot obtain an order of dismissal of, or summary judgment as to the complaints against him under Section 12 of the 1933 Act. Equity, the issuer, would also be liable under Section 12 of the 1933 Act,[11] and, therefore, the remaining individual movants cannot obtain an order of dismissal of, or summary judgment as to the complaints against them under Section 12 of the 1933 Act.

■ Persons in control of a person liable under Section 17(a) of the 1933 Act, the only subsection of Section 17 to which privity of contract might be relevant, are not rendered liable by Section 15 of that Act. However, there is a conflict among the decisions as to whether an allegation of privity of contract is necessary to state a cause of action under Section 17(a) when a conspiracy has been alleged.[12] The issue of dismissal of the complaints under Section 17(a) is, therefore, a moot point. In view of this, and for the reason that the substance of Section 17(a) is contained in Section 12(2) of the 1933 Act, Section 10(b) of the 1934 Act, and Rule X–10B–5, the complaints against the individual movants under Section 17 shall not be dismissed.

Although the 1934 Act does not explicitly authorize a civil remedy for violations of Section 10(b) and Rule X–10B–5, the courts have held that a civil

11. Cady v. Murphy, 113 F.2d 988, 990 (1st Cir. 1940), cert. denied 311 U.S. 705, 61 S.Ct. 175, 85 L.Ed. 458 (1940); Petersen Engine Company, Inc., 2 S.E.C. 893, 903–905 (1937); Canusa Gold Mines, Ltd., 2 S.E.C. 548, 559 (1937).

12. Compare Thiele v. Shields, 131 F.Supp. 416, 420 (S.D.N.Y.1955), holding that the allegation of privity of contract is not necessary, with Citizens Casualty Company of New York v. Shields, Civil No. 95–76, S.D.N.Y., November 9, 1954, CCH Federal Securities Law Rptr. ¶ 90,683, at p. 92,057, holding that the allegation of privity of contract is necessary.

remedy has been created by the Section and Rules thereunder.[13] Huntington and Equity would, therefore, be liable under Section 10(b) and Rule X–10B–5. Section 20 of the 1934 Act imposes joint and several liability upon:

"Every person who, directly or indirectly, controls any person liable under any provision of this title or of any rule or regulation thereunder."

Accordingly, the motions to dismiss the complaints under Section 10(b) of the 1934 Act and Rule X–10B–5, or grant summary judgment thereon, are denied.[14]

■ ■ The complaints allege a conspiracy among persons in control of the issuer and underwriter. Accordingly, there is no requirement of a specification of the particular defendant from whom each plaintiff purchased his or her shares.[15] A fortiori, each claim need not be set forth in separate counts. The motion for a more specific statement of the claim in these two respects is denied.

■ Since a conspiracy is alleged, and each defendant, therefore, is claimed to be liable under Sections 12 and 17 of the 1933 Act, Section 10(b) of the 1934 Act, and Rule X–10B–5, the motions for a statement of the section and subsection of the statutes under which each defendant is claimed to be liable are groundless, and are denied.

The motions of the defendants are denied in all respects.[16]

So ordered.

13. E. g., Fratt v. Robinson, 203 F.2d 627, 632 (9th Cir. 1953); Fischman v. Raytheon Mfg. Co., 188 F.2d 783, 787 (2d Cir. 1951).

14. The cases cited by the defendants in support of the motions to dismiss the complaints under both the 1933 and 1934 Acts are distinguishable. E. g., 3 Loss, Securities Regulation 1767–71 (1961), as to the 1934 Act.

15. Newberg v. American Dryer Corp., 195 F.Supp. 345, 353 (E.D.Pa.1961).

16. In their memoranda, plaintiffs attempt to allege liability under Section 15 of the 1934 Act (15 U.S.C. § 78o). However, the complaint does not explicitly allege liability under this Section. Accordingly, the court does not consider such liability to be an issue in the case at this time.